AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)
Sarah Link Schultz

*Counsel to the Other TSC Debtors and*
*Proposed Counsel to the February Debtors*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR CORPORATION, | ) | Case No. 11-10612 (SHL) |
| | ) | |
| Debtor, | ) | Joint Administration Requested |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR HOLDINGS INC., | ) | Case No. 11-10613 (SHL) |
| | ) | |
| Debtor, | ) | Joint Administration Requested |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR NEW YORK INC., | ) | Case No. 10-15445 (SHL) |
| | ) | |
| Debtor, | ) | Joint Administration Requested |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOTIENT COMMUNICATIONS INC., | ) | Case No. 10-15452 (SHL) |
| | ) | |
| Debtor, | ) | Joint Administration Requested |
| | ) | |
| | ) | |

100424201

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOTIENT HOLDINGS INC., | ) | Case No. 10-15453 (SHL) |
| | ) | |
| Debtor, | ) | Joint Administration Requested |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOTIENT LICENSE INC., | ) | Case No. 10-15454 (SHL) |
| | ) | |
| Debtor, | ) | Joint Administration Requested |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOTIENT SERVICES INC., | ) | Case No. 10-15455 (SHL) |
| | ) | |
| Debtor, | ) | Joint Administration Requested |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOTIENT VENTURES HOLDING INC., | ) | Case No. 10-15458 (SHL) |
| | ) | |
| Debtor, | ) | Joint Administration Requested |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MVH HOLDINGS INC., | ) | Case No. 10-15462 (SHL) |
| | ) | |
| Debtor. | ) | Joint Administration Requested |
| | ) | |
| | ) | |

## TSC DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors in possession[1] seek entry of an order,

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer-identification number, are: (a) TerreStar Corporation [6127] and TerreStar Holdings Inc. [0778] (collectively, the "*February Debtors*"); and (b) TerreStar New York Inc. [6394]; Motient Communications Inc. [3833]; Motient Holdings Inc. [6634]; Motient License Inc. [2431]; Motient Services Inc. [5106]; Motient Ventures Holding Inc. [6191]; and MVH Holdings Inc. [9756] (collectively, the "*Other TSC Debtors*" and, collectively with the February Debtors, the "*TSC Debtors*").

100424201

substantially in the form annexed hereto as Exhibit A, directing joint administration of their chapter 11 cases. In support of this motion, the TSC Debtors submit the Declaration of Jeffrey W. Epstein Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Pleadings (the *"First Day Declaration"*). In further support of this motion, the TSC Debtors respectfully state as follows:

## I.     JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are section 101(2) of title 11 of the United States Code (the *"Bankruptcy Code"*) and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

## II.     BACKGROUND

### A.     Background of the Chapter 11 Cases

4.     On October 19, 2010 (the *"October Petition Date"*) and February 16, 2011 (the *"February Petition Date"*), the Other TSC Debtors and the February Debtors, respectively, filed petitions with this Court under chapter 11 of the Bankruptcy Code. The TSC Debtors are operating their business and managing their property as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5.     On October 20, 2010, the Court entered an order providing for the joint administration of the October Debtors' cases for procedural purposes under the case number of TerreStar Networks Inc. (Case No. 10-15446 (SHL)). As discussed in detail below, contemporaneous with the filing of the petitions for the February Debtors, the October Debtors

3

requested that the cases of the Other TSC Debtors be de-consolidated from the case of TerreStar Networks Inc.

6.    On October 29, 2010, the United States Trustee for the Southern District of New York (the "*U.S. Trustee*") appointed an official committee of unsecured creditors (the "*TSN Committee*") of the October Debtors.   No statutory committees have been appointed or designated in the February Debtors' cases.   On information and belief, only one member of the TSN Committee, Van Vlissingen and Company, holds a claim against the TSC Debtors.

7.    A detailed description of the TSC Debtors' business and the reasons for filing these chapter 11 cases is set forth in the First Day Declaration, which was filed contemporaneously with the February Debtors' voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

**B.    Joint Administration of the Chapter 11 Cases**

8.    On December 22, 2010, this Court approved the disclosure statement for the joint chapter 11 plan of reorganization of the TSN Debtors.   This plan does not apply to the Other TSC Debtors.   Due to their commonalities, the February Debtors and the Other TSC Debtors intend to file a joint plan of reorganization (the "*Joint TSC Plan*") in the near future.

9.    As depicted in the organizational chart attached hereto as Exhibit B, TerreStar Corporation ("*TSC*") is the ultimate parent of each TSC Debtor.   TSC has four wholly-owned direct subsidiaries, each of which is a TSC Debtor: TerreStar New York Inc., Motient Holdings Inc., MVH Holdings Inc. and TerreStar Holdings Inc.   Motient Holdings Inc. holds 100% of the interests in both Motient Services Inc. and Motient Communications Inc., each a Delaware corporation and each a TSC Debtor in these proceedings. In turn, Motient Communications Inc. holds 100% of the interests in Motient License Inc., a Delaware corporation and a TSC Debtor in

4

these proceedings. MVH Holdings Inc. holds 100% of the interests in Motient Ventures Holding Inc., a Delaware corporation and a TSC Debtor in these proceedings.

10.     It is contemplated that the plans of reorganization of the TSN Debtors and the TSC Debtors will proceed according to separate timetables and will seek significantly different relief given the substantial differences between their businesses, stakeholders and the circumstances that required them to seek chapter 11 relief. Accordingly, the October Debtors have filed a motion in their chapter 11 cases (the "*Motion to Amend*") seeking modification of the order jointly administering their chapter 11 cases to direct that the Other TSC Debtors' chapter 11 cases no longer be jointly administered with the chapter 11 cases of the TSN Debtors. *See In re TerreStar Networks Inc., et al.*, No. 10-15446 (SHL) [Docket No. 416] (Bankr. S.D.N.Y. Feb. 16, 2011).

### III.     RELIEF REQUESTED

11.     By this motion, the TSC Debtors seek entry of an order directing joint administration of these chapter 11 cases. Specifically, the TSC Debtors request that a docket entry, substantially similar to the following, be entered on the dockets for TerreStar Holdings Inc. (Case No. 11-10613 (SHL)); TerreStar New York Inc. (Case No. 10-15445 (SHL)); Motient Communications Inc. (Case No. 10-15452 (SHL)); Motient Holdings, Inc. (Case No. 10-15453 (SHL)); Motient License Inc. (Case No. 10-15454 (SHL)); Motient Services Inc. (Case No. 10-15455 (SHL)); Motient Ventures Holding Inc. (Case No. 10-15458 (SHL)); and MVH Holdings Inc. (Case No. 10-15462 (SHL)) to reflect joint administration:

5

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of TerreStar Corporation; TerreStar Holdings Inc.; TerreStar New York Inc.; Motient Communications Inc.; Motient Holdings Inc.; Motient License Inc.; Motient Services Inc.; Motient Ventures Holding Inc.; and MVH Holdings Inc. All further pleadings and other papers to be filed in this case shall be filed in, and all further docket entries shall be made in, **Case No. 11-10612 (SHL)**.

12. The TSC Debtors also request that the Court maintain one file and one docket for all of the TSC Debtors' jointly administered cases under Case. No. 11-10612 (SHL) and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| TERRESTAR CORPORATION, et al.,[1] | Case No. 11-10612 (SHL) |
| Debtors. | Jointly Administered |

13. The TSC Debtors, with the assistance of their proposed claims and noticing agent, The Garden City Group, Inc. ("*GCG*"), seek permission to maintain one service list which will be regularly updated and filed with the Court.

14. The TSC Debtors will file a consolidated monthly operating report, but intend to track and break out disbursements on a debtor-by-debtor basis and, accordingly, will pay any fees due to the United States Trustee for the Southern District of New York (the "*U.S. Trustee*") on a debtor-by-debtor basis.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer-identification number, are: (a) TerreStar Corporation [6127] and TerreStar Holdings Inc. [0778] (collectively, the "*February Debtors*"); and (b) TerreStar New York Inc. [6394]; Motient Communications Inc. [3833]; Motient Holdings Inc. [6634]; Motient License Inc. [2431]; Motient Services Inc. [5106]; Motient Ventures Holding Inc. [6191]; and MVH Holdings Inc. [9756] (collectively, the "*Other TSC Debtors*" and, collectively with the February Debtors, the "*TSC Debtors*").

## IV. SUPPORTING AUTHORITY

15.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Each of the TSC Debtors is an "affiliate" of TSC, as such term is defined in Bankruptcy Code section 101(2).

16.    Joint administration of the TSC Debtors' chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these chapter 11 cases will affect each and every TSC Debtor. Thus, the entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Furthermore, joint administration will relieve this Court of the burden of entering duplicative orders and maintaining duplicative files for each of the TSC Debtors and will simplify administrative supervision of these cases by the U.S. Trustee. Joint administration also will allow all parties in interest to monitor these cases with greater ease.

17.    As discussed above, the Other TSC Debtors were carved out of the TSN Debtors' plan of reorganization. The TSC Debtors intend to file a common plan of reorganization.

18.    The joint administration of these chapter 11 cases will not give rise to conflicts of interest among the TSC Debtors' estates, nor will joint administration adversely affect the TSC Debtors' respective creditors because the TSC Debtors seek only administrative, not substantive, consolidation of their estates. Intercompany claims among the TSC Debtors also will be preserved and each of the TSC Debtors will maintain separate records of assets and liabilities. Thus, the relief requested will not harm individual creditors' rights; rather, non-debtor parties in interest will benefit from the cost reductions associated with the joint administration of these cases.

100424201

19. The entry of joint administration orders is common and generally uncontroversial in large chapter 11 cases in this district. *See, e.g., In re Uno Restaurant Holdings Corp.,* No. 10-10209 (Bankr. S.D.N.Y. Jan. 20, 2010);[2] *In re ION Media Networks, Inc.,* No. 09-13125 (Bankr. S.D.N.Y. May 21, 2009); *In re DBSD N. Am. Inc.,* No. 09-13061 (Bankr. S.D.N.Y. May 21, 2009); *In re Chemtura Corp.,* No. 09-11233 (Bankr. S.D.N.Y. Mar. 19, 2009).

20. For all of the foregoing reasons, the TSC Debtors respectfully request the entry of an order, substantially in the form attached hereto as Exhibit A, providing for the joint administration of the TSC Debtors' chapter 11 cases.

## V.  MOTION PRACTICE

21. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the TSC Debtors submit that this motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## VI.  NOTICE

22. The TSC Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) NexBank, SSB as agent for the lenders under the Bridge Loan Agreement; (d) Weil, Gotshal & Manges LLP as counsel to Harbinger Capital Partners LLC and certain of its managed and affiliated funds; (e) Wachtell, Lipton, Rosen & Katz as counsel to Highland Capital Management, L.P. and certain of its managed and affiliated funds; (f) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to Solus Alternative Asset Management LP;

---

[2] Because of the voluminous nature of the orders and transcripts cited herein, they are not attached to this motion. Copies of all orders and transcripts cited herein are available on request of the TSC Debtors' counsel.

100424201

(g) NexBank, SSB as agent for the TSC Debtors' proposed post-petition debtor-in-possession financing; (h) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to the agent for the TSC Debtors' proposed post-petition debtor-in-possession financing; (i) Schulte Roth & Zabel LLP as counsel to Colbeck Capital Management, LLC; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; (l) the United States Attorney for the Southern District of New York; and (m) the Federal Communications Commission. In light of the nature of the relief requested, the TSC Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the TSC Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A, directing joint administration of these chapter 11 cases, and (b) grant such other further relief as is just and proper.

New York, New York
Dated: February 16, 2011

/s/ Ira S. Dizengoff
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)
Sarah Link Schultz

*Counsel to the Other TSC Debtors and*
*Proposed Counsel to the February Debtors*

100424201

## EXHIBIT A

### Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| TERRESTAR CORPORATION, | Case No. 11-10612 (SHL) |
| Debtor, | |
| In re: | Chapter 11 |
| TERRESTAR HOLDINGS INC., | Case No. 11-10613 (SHL) |
| Debtor, | |
| In re: | Chapter 11 |
| TERRESTAR NEW YORK INC., | Case No. 10-15445 (SHL) |
| Debtor, | |
| In re: | Chapter 11 |
| MOTIENT COMMUNICATIONS INC., | Case No. 10-15452 (SHL) |
| Debtor, | |
| In re: | Chapter 11 |
| MOTIENT HOLDINGS INC., | Case No. 10-15453 (SHL) |
| Debtor, | |
| In re: | Chapter 11 |
| MOTIENT LICENSE INC., | Case No. 10-15454 (SHL) |
| Debtor, | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOTIENT SERVICES INC., | ) | Case No. 10-15455 (SHL) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MOTIENT VENTURES HOLDING INC., | ) | Case No. 10-15458 (SHL) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MVH HOLDINGS INC., | ) | Case No. 10-15462 (SHL) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the motion (the "***Motion***") [1] of the above-captioned debtors and debtors in possession (collectively, the "***TSC Debtors***") for entry of an order directing joint administration of the TSC Debtors' related chapter 11 cases; and it appearing that the relief requested is in the best interests of the TSC Debtors' estates, their creditors and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue appearing proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing to be adequate and appropriate under the circumstances; and any objections to the requested relief

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1.  The Motion is granted as set forth herein.

2.  The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 11-10612 (SHL).

3.  The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR CORPORATION, *et al.*,[1] | ) | Case No. 11-10612 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

4.  A docket entry shall be made on the dockets for TerreStar Holdings Inc. (Case No. 11-10613 (SHL)); TerreStar New York Inc. (Case No. 10-15445 (SHL)); Motient Communications Inc. (Case No. 10-15452 (SHL)); Motient Holdings, Inc. (Case No. 10-15453 (SHL)); Motient License Inc. (Case No. 10-15454 (SHL)); Motient Services Inc. (Case No. 10-15455 (SHL)); Motient Ventures Holding Inc. (Case No. 10-15458 (SHL)); and MVH Holdings Inc. (Case No. 10-15462 (SHL)) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of TerreStar Corporation; TerreStar Holdings Inc.; TerreStar New York Inc.; Motient Communications Inc.; Motient Holdings Inc.;

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer-identification number, are: (a) TerreStar Corporation [6127] and TerreStar Holdings Inc. [0778] (collectively, the "*February Debtors*"); and (b) TerreStar New York Inc. [6394]; Motient Communications Inc. [3833]; Motient Holdings Inc. [6634]; Motient License Inc. [2431]; Motient Services Inc. [5106]; Motient Ventures Holding Inc. [6191]; and MVH Holdings Inc. [9756] (collectively, the "*Other TSC Debtors*" and, collectively with the February Debtors, the "*TSC Debtors*").

3

Motient License Inc.; Motient Services Inc.; Motient Ventures Holding Inc.; and MVH Holdings Inc. All further pleadings and other papers to be filed in this case shall be filed in, and all further docket entries shall be made in, **Case No. 11-10612 (SHL).**

5.    One consolidated docket, one file, and one consolidated service list shall be maintained by the TSC Debtors and/or GCG, updated and filed with the court, and kept by the Clerk of the United States Bankruptcy Court for the Southern District of New York.

6.    The TSC Debtors shall file a consolidated monthly operating report, but shall track and break out disbursements on a debtor-by-debtor basis and, accordingly, shall pay any fees due to the U.S. Trustee on a debtor-by-debtor basis.

7.    Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the TSC Debtors' chapter 11 cases.

8.    The TSC Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


New York, New York
Date: _____, 2011          _____
                                       United States Bankruptcy Judge

100424201

# EXHIBIT B

## Organizational Chart

## Organizational Chart



**Legend:**
- ■ TSC Debtors
- ▦ TSN Debtors
- ▨ ATL Debtors
- □ Non-Debtors

**TerreStar Corporation** (NASDAQ: TSTR) (1)

- **MOTIENT HOLDINGS INC.** (100% owned)
  - **MOTIENT SERVICES INC.** (100% owned)
    - **MOTIENT COMMUNICATIONS INC.** (100% owned)
    - **MOTIENT LICENSE INC.** (100% owned)
- **MVH HOLDINGS INC.** (100% owned)
  - **MOTIENT VENTURES HOLDING INC.** (100% owned)
    - **TERRESTAR NETWORKS INC.** (89.3% owned)
    - **TERRESTAR NETWORKS INC. SUBSIDIARIES**
- **TERRESTAR HOLDINGS INC.** (100% owned)
  - **TERRESTAR 1.4 HOLDINGS LLC** (100% owned)
  - **TERRESTAR GLOBAL LTD** (a Bermuda Company) (86.5% owned)
    - **TerreStar Europe Limited** (a UK Company) (100% owned)
- **TERRESTAR NEW YORK INC.** (100% owned)

(1) TerreStar Corporation has 5 series of Preferred Stock (Series A, B, C, D and E).

The Blackstone Group®

1