AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)
Sarah Link Schultz

*Counsel to the Other TSC Debtors and*
*Proposed Counsel to the February Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR CORPORATION, *et al.*,[1] | ) | Case No. 11-10612 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The February Debtors are filing their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***" and, with the Schedules, the "***Schedules and Statements***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"). The February Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

---

[1] The February Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (a) TerreStar Corporation [6127]; and TerreStar Holdings Inc. [0778] (collectively, the "***February Debtors***") and (b) TerreStar New York Inc. [6394]; Motient Communications Inc. [3833]; Motient Holdings Inc. [6634]; Motient License Inc. [2431]; Motient Services Inc. [5106]; Motient Ventures Holding Inc. [6191]; MVH Holdings Inc. [9756] (collectively, the "***Other TSC Debtors***" and collectively, with the February Debtors the "***Debtors***" or the "***TSC Debtors***").

These Global Notes and Statements of Limitations, Methods and Disclaimer Regarding the February Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "*Global Notes*") pertain to, are incorporated by reference in, and comprise an integral part of, all the Schedules and Statements. These Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared by the February Debtors' management and are unaudited and subject to further review and potential revision. In preparing the Schedules and Statements, the February Debtors relied on financial data derived from their books and records as were available at the time of preparation. The February Debtors' management and advisors have made reasonable efforts to ensure that they are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors or omissions may exist, notwithstanding any such discovery or new information, however the February Debtors shall not be required to update the Schedules and Statements.

**Global Notes Control**. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the February Debtors' rights or an admission with respect to their chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts, assumption or rejection of contracts under the provisions of Bankruptcy Code chapter 3 and/or causes of action arising under the provisions of Bankruptcy Code chapter 5 or any other relevant applicable laws to recover assets or avoid transfers.

**Description of the Case and "as of" Information Date**. On February 16, 2011 (the "*February Petition Date*"), each of the February Debtors filed a petition for relief with the Bankruptcy Court under Bankruptcy Code chapter 11. The February Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

Unless specifically noted otherwise, all amounts listed in the Schedules and Statements are as of the February Petition Date.

**Corporate Structure**. A description of the February Debtors' corporate structure is set forth in the Declaration of Jeffrey W. Epstein Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Pleadings, which was filed on the February Petition Date.

---

[2] These Global Notes are in addition to any specific notes contained in each February Debtor's Schedules or Statements. The fact that the February Debtors have prepared a Global Note with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the February Debtors to exclude the applicability of such Global Note to any of the February Debtors' remaining Schedules and Statements, as appropriate.

2

**Amendment**.  Although reasonable efforts were made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  Thus, the February Debtors reserve all rights to amend or supplement their Schedules and Statements from time to time as may be necessary or appropriate.

**Basis of Presentation**.  For financial reporting purposes, the February Debtors and certain of their non-debtor affiliates historically prepare consolidated financial statements.  Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis.  Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the February Debtors for financial reporting purposes or otherwise.

Although these Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("*GAAP*"), the Schedules and Statements neither purport to represent nor reconcile financial statements otherwise prepared and/or distributed by the February Debtors in accordance with GAAP or otherwise.  To the extent that a Debtor shows more assets than liabilities, this is not an admission that the February Debtor was solvent at the February Petition Date or at any time prior to the February Petition Date.  Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the February Debtor was insolvent at the February Petition Date or any time prior to the February Petition Date.

**Consolidated Accounts Payable and Disbursements System**.  The February Debtors utilize consolidated accounts payable and disbursement systems in their day-to-day operations, the effect of which, in part, is that certain accounts payable and or payment detail is not readily available on a legal entity basis.  Although efforts have been made to attribute open payable amounts to the correct legal entity, the February Debtors reserve their right to modify or amend the Schedules and Statements to attribute such payable to a different legal entity, if appropriate.  Payments made are listed by the entity making such payment notwithstanding that many such payments may have been made on behalf of another entity.

**Confidentiality**.  There may be instances within the Schedules and Statements where names, addresses, or amounts have been left blank.  Due to concerns of confidentiality, or concerns for privacy of an individual, the February Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.  To the extent that certain addresses are withheld, the February Debtors will make such address available upon reasonable request and agreement to enter into an appropriate confidentiality arrangement.

**Intercompany Claims and Transfers**.  Receivables and payables among the February Debtors in these cases (each an "*Intercompany Receivable*" or "*Intercompany Payable*") are reported in the Schedules.  To the extent a Debtor owes an Intercompany Payable, it is reported on Schedule F as a claim of such Debtor.  To the extent a Debtor has an Intercompany Receivable, it is reported on Schedule B16 as an asset of such Debtor.  While the February Debtors have used reasonable efforts to ensure that the proper intercompany balances are attributed to each legal entity, all rights to amend these items on the Schedules and Statements are reserved.

100607708

Intercompany transfers can be characterized in many ways. The February Debtors reserve all of their rights with respect to the intercompany balances listed in the analysis, including, but not limited to, the appropriate characterization of such intercompany balances and the amounts of such balances, which are still being identified by the February Debtors.

The February Debtors have listed all Intercompany Payables as unsecured non-priority claims on Schedule F for each applicable Debtor but reserve their rights, except as otherwise may be agreed to pursuant to a stipulation filed with the Bankruptcy Court, to later change the characterization, classification, categorization or designation of such claims, including by designating all or any portion of the amounts listed as secured.

**Insiders**. For purposes of the Schedules and Statements, the February Debtors define "insiders" pursuant to Bankruptcy Code section 101(31) as (a) directors, (b) officers, (c) those in control of the February Debtors, (d) relatives of directors, officers, or persons in control of the February Debtors, and (e) affiliates, or insiders of affiliates. Inter-company payments between the February Debtors are not so listed.

Persons listed as "insiders" have been included for informational purposes only. The February Debtors do not take any position with respect to (a) such person's influence over the control of the February Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Recharacterization**. The February Debtors have made reasonable efforts to characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements correctly. The February Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts listed herein were executory as of the February Petition Date or remain executory post-petition and whether leases listed herein were unexpired as of the February Petition Date or remain unexpired post-petition.

**Consolidation of Certain Information**. Information that is provided on a consolidated basis is specifically indicated in the applicable Schedules and Statements. The listing of information on a consolidated basis is not, and should not be interpreted as, an admission or view as to the appropriateness of substantive consolidation. The February Debtors reserve all rights to amend or supplement their Schedules and Statements that reflect information on a consolidated basis to present such information on an unconsolidated basis as is necessary and appropriate.

## Summary of Significant Reporting Policies.

a) **Foreign Currency**. All amounts shown in the Schedules are in U.S. Dollars, which in some cases reflects a conversion based on foreign exchange rates as of February 16, 2011.

100607708

**b)** <u>**Current Market Value – Net Book Value**</u>. In many instances, current market valuations are neither maintained by nor readily available to the February Debtors. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the February Debtors' property interests that are not maintained or readily available. Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book values as of September 30, 2010, rather than current market values, of the February Debtors' assets as of the February Petition Date and may not reflect the net realizable value. For this reason, amounts ultimately realized will vary, at some times materially, from net book value. Additionally, the amount of certain liabilities may be "unknown" or "undetermined" and thus, ultimate liabilities may differ materially from those states in the Schedules and Statements.

**c)** <u>**Liabilities**</u>. Unless otherwise indicated, all liabilities are listed as of February 16, 2011.

**d)** <u>**Paid Claims**</u>. Pursuant to certain first-day orders issued by the Bankruptcy Court (collectively, the "***First Day Orders***"), the Bankruptcy Court has authorized the February Debtors to pay certain outstanding pre-petition claims. Although not all claims previously paid pursuant to a First Day Order will be listed in the Schedules and Statements, certain of these claims that have been paid may appear in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent that such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the February Debtors reserve all rights to amend or supplement their Schedules and Statements as necessary and appropriate. Certain of the First Day Orders preserve the rights of parties in interest to dispute any amounts paid pursuant to First Day Orders. Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to a First Day Order that preserves such right to contest.

**e)** <u>**Credits and Adjustments**</u>. The claims of individual creditors for, among other things, goods, products or services or taxes are listed as the amounts entered on the February Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the February Debtors. The February Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

**f)** <u>**Leases**</u>. In the ordinary course of business, certain of the February Debtors may lease property and equipment from third party lessors for use in the daily operation of their businesses. The February Debtors' obligations pursuant to the same have been listed on Schedule F. The underlying lease agreements are listed on Schedule G. Nothing in the Schedules and Statements is or shall be construed to be an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the February Debtors reserve all rights with respect to such issues.

100607708

**Excluded Assets and Liabilities**.   The February Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements such as goodwill, de minimis deposits, and accrued liabilities including, without limitation, tax accruals and accrued accounts payable.  Other immaterial assets and liabilities may also have been excluded.

**Undetermined Amounts**.   The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

**Estimates**.   To close the books and records of the February Debtors as of the February Petition Date and to prepare such information on a legal entity basis, the February Debtors were required to make estimates, allocations and assumptions that affect the reported amounts of assets and revenue and expenses as of the February Petition Date.   The February Debtors reserve all rights to amend the reported amounts of assets, revenue and expenses to reflect changes in those estimates and assumptions.

**Totals**.   All totals that are included in the Schedules represent totals of all known amounts included in the February Debtors' books and records as of the February Petition Date.   To the extent there are unknown or undetermined amounts, and to the extent the February Debtors made post-petition payments on pre-petition claims pursuant to the First Day Orders or other order of the Bankruptcy Court, the actual total may be different than the listed total.

**Classifications**.   Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (c) on Schedule F as "unsecured priority," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the February Debtors of the legal rights of the claimant, or a waiver of the February Debtors' right to recharacterize or reclassify such claim or contract.

**Claims Description**.   Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the February Debtor that such amount is not "disputed," "contingent" or "unliquidated."   The February Debtors reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their respective Schedules on any grounds including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."   Listing a claim does not constitute an admission of liability by the February Debtors, and the February Debtors reserve the right to amend the Schedules accordingly.

**Guarantees and Other Secondary Liability Claims**.   The February Debtors have used their best efforts to locate and identify guarantees and other secondary liability claims (collectively, the "*Guarantees*") in their executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements.   The February Debtors' review of their contracts in such regard is ongoing.   Where such Guarantees have been identified, they have been included in the relevant Schedule for the February Debtor or Debtors affected by such Guarantees.   The February Debtors have placed Guarantee obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation.   Such Guarantees were additionally placed on Schedule D or Schedule F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on

Schedule G. Further, the February Debtors believe that certain Guarantees embedded in the February Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the February Debtors reserve their rights to amend the Schedules to the extent that additional Guarantees are identified. In addition, the February Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract, lease, claim, or Guarantee.

**Causes of Action**. The February Debtors, despite their efforts, may not have listed all of their causes of action (filed or potential) against third parties as assets in the Schedules and Statements. The February Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Schedule A – Real Property**. To the extent the February Debtors have any ownership or possessory interest(s) arising by operation of any executory lease or any other contract, or otherwise, such has not been reported on Schedule A. The February Debtors' failure to list any rights in real property on Schedule A should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

**Schedule B – Personal Property**. Personal property owned by any of the February Debtors is listed in the Schedule B for that individual Debtor. To the extent the February Debtors have not been able to identify the actual physical location of certain personal property, the February Debtors have reported the address of that individual Debtor's principal place of business.

Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, the inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

**Schedule D – Creditors Holding Secured Claims**. Except as otherwise agreed pursuant to a stipulation and agreed order or general order entered by the Bankruptcy Court that is or becomes final, the February Debtors and/or their estates reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the February Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the February Debtors' assets in which such creditors may have a lien has been undertaken.

The February Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other

entities. The descriptions in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

The claims listed on Schedule D arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or to have been incurred prior to the February Petition Date.

Real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The February Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposit posted by, or on behalf of, the February Debtors, or inchoate statutory liens rights.

**Schedule E – Creditors Holding Unsecured Priority Claims**. Listing a claim on Schedule E as "unsecured priority" does not constitute an admission by the February Debtors of the legal rights of the claimant. The February Debtors hereby expressly reserve the right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured nonpriority claim.

The claims listed on Schedule E arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E, however, appear to have arisen or to have been incurred prior to the February Petition Date.

**Schedule F – Creditors Holding Unsecured Nonpriority Claims**. Listing a claim on Schedule F as "unsecured nonpriority" does not constitute an admission by the February Debtors of any legal rights of the claimant. The February Debtors hereby expressly reserve the right to assert that any claim listed on Schedule F does not constitute a unsecured nonpriority claim (including the right to assert that any such claim constitutes a secured or priority claim). Additionally, noting that a claim on Schedule F is "subject to setoff" does not constitute an admission by the February Debtor of the legal rights of the claimant. The February Debtors hereby expressly reserve the right to assert that any claim listed on Schedule F is not subject to setoff or dispute any claim to such setoff.

The February Debtors have attempted to relate all liabilities to each Debtor. However, due to the related nature of the February Debtors' businesses, debts of one Debtor may be inadvertently listed on the Schedules of another. Readers of the Schedules should review all of the February Debtors' Schedules for a complete understanding of the unsecured debts of the February Debtors.

The February Debtors may have certain rights of setoff and/or recoupment with respect to the claims set forth on Schedule F. The February Debtors reserve all rights to challenge such setoff and/or recoupment rights asserted. Additionally, certain creditors may assert mechanic's, materialman's or other similar liens against the February Debtors for amounts listed on Schedule F. The February Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.

Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the February Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the February Petition Date.

The claims listed on Schedule F arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule F, however, appear to have arisen or to have been incurred prior to the February Petition Date.

TerreStar Corporation's Series A Cumulative Convertible Preferred Stock (the "*TSC Series A Preferred*") and Series B Cumulative Convertible Preferred Stock (the "*TSC Series B Preferred*") had a mandatory redemption date of April 15, 2010, at a redemption price of $1,080 per share, or approximately $450,578,385 (as of December 31, 2010). As of the February Petition Date, the February Debtors had not redeemed the TSC Series A Preferred or TSC Series B Preferred. The February Debtors have not included claims related to the redemption of the TSC Series A Preferred or TSC Series B Preferred because as such terms are defined by the Bankruptcy Code, the February Debtors believe that such redemption rights are equity securities and not claims. *See, e.g., In re Trace Int'l Holdings, Inc.*, 287 B.R. 98, 109 (Bankr. S.D.N.Y. 2002); *Carrieri v. Jobs.com Inc.*, 393 F.3d 508 (5th Cir. 2004).

**<u>Schedule G – Executory Contracts and Unexpired Leases</u>**. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, the February Debtors' review is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred.

Any and all of the February Debtors' rights, claims, and causes of action with respect to the contracts, agreements, and leases listed on Schedule G are hereby reserved and preserved, and, as such, the February Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary.

The placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract. The February Debtors hereby expressly reserve the right to assert that any claim listed on Schedule G does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code.

100607708

The February Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth in Schedule G. Moreover, the contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels certificates, letters, or other documents, instruments, and agreements that may not be listed on Schedule G. Portions of some contracts and leases that are listed on Schedule G may have been fully performed, while other portions of the same contracts and leases may remain executory or unexpired.

Certain of the contracts, agreements, and leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations may not be set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of these agreements or any other agreements on Schedule G does not constitute an admission that any such agreement is an executory contract or unexpired lease.

The February Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Further, the February Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G.

The February Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G. However, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the February Debtors have listed certain contracts, agreements, and leases on Schedule G of the February Debtor entity corresponding to the applicable contracting entity on which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease. Additionally, certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the February Debtors.

**Schedule H – Co-Obligors**. Although the February Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions or inclusion may have occurred. The February Debtors hereby reserve all rights to dispute the validity, status or enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The February Debtors further reserve all rights, claims and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument related to a creditor's claim. The listing of a contract, guarantee or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid or enforceable.

**Statements Question 2 – Other Income**. From time to time, the February Debtors may have de minimis income from sources other than the operation of business that is not provided in response to Statement Question 2.

**Statements Question 3(b) and (c) – Payments to Creditors**. All amounts that remain outstanding to any creditor listed on Statement Question 3 are reflected on Schedules D, E, and F as applicable. Any creditor wishing to verify any outstanding indebtedness should review those schedules.

Certain intercompany transactions are accounted for through transfers of cash to and from appropriate bank accounts in and out of the February Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the February Debtor and its Debtor and non-Debtor affiliates. These payments and transactions have not been listed. However, readers of the Schedules and Statements wishing to verify any outstanding Intercompany Payables and Intercompany Receivables should refer to Schedules B16, D or F, as applicable.

The February Debtor's response includes payments made to such creditors who are or were insiders only to the extent such payments were made during the time in which the creditor was an insider and only in that creditor's capacity as insider.

**Statements Question 9 – Payments Related to Debt Counseling or Bankruptcy**. All payments related to debt counseling or bankruptcy made to the February Debtors' advisors are listed on the Statements of TerreStar Corporation and represent payments made for themselves and other February Debtors, except as specifically noted on the Statements.

**Statements Question 18(a) – Location of Business**. The February Debtors have disclosed the address of each Debtor's main center of operations or headquarters and have not included information regarding any related ground stations, warehousing, or storage facilities, or any other site or location where a portion of a Debtor's business operations are conducted.

**Statements Question 19(d) – Books, Records, and Financial Statements**. Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, TerreStar Corporation, the non-Debtor ultimate parent company of the February Debtors, has filed with the U.S. Securities and Exchange Commission (the "*SEC*") reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the February Debtors. Additionally, consolidated financial information for the February Debtors is posted on the company's website at www.terrestar.com. Because the SEC filings and the website are of public record, the February Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the February Debtors.

100607708

In addition, the February Debtors provide certain parties, such as banks, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing. The February Debtors do not maintain complete lists to track such disclosures. As such, the February Debtors have not provided lists of these parties in response to this question.

**Statements Question 23 – Distributions to an Insider**.   Certain intercompany transactions are accounted for through transfers of cash to and from appropriate bank accounts in and out of the February Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the February Debtor and its Debtor and non-Debtor affiliates. These payments and transactions have not been listed. However, readers of the Schedules and Statements wishing to verify any outstanding Intercompany Payables and Intercompany Receivables should refer to Schedules B16, D or F, as applicable.

The February Debtor's response includes payments made to such creditors who are or were insiders only to the extent such payments were made during the time in which the creditor was an insider and only in that creditor's capacity as insider.

100607708

# United States Bankruptcy Court
## Southern District of New York

| | | | |
|---|---|---|---|
| In re | **TerreStar Corporation** | Case No. | **11- 10612 (SHL)** |
| | Debtor(s) | Chapter | **11** |

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **($4,518,728.12)** | **YTD 01/31/11 - Loss from Operation of Business** |
| **($53,084,807.02)** | **FYE 12/31/10 - Loss from Operation of Business** |
| **($58,092,514.02)** | **FYE 12/31/09 - Loss from Operation of Business** |

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $762,924.96 | YTD 01/31/11 - Interest Income |
| $225,431.86 | FYE 12/31/10 - Other Income |
| $12,180,375.43 | FYE 12/31/10 - Interest Income |
| ($2,137.10) | FYE 12/31/10 - Loss on Disposal of Assets |
| $242,702.70 | FYE 12/31/09 - Other Income |
| $1,647,478.29 | FYE 12/31/09 - Interest Income |

**3. Payments to creditors**

None


***Complete a. or b., as appropriate, and c.***

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **See Attachment 3b** | | | |

None
☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **See Attachment 3c** | | | |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**4. Suits and administrative proceedings, executions, garnishments and attachments**



None

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Elektrobit, Inc. v. TerreStar Corporation Case Index No. 652068/2010** | **Breach of Contract** | **Supreme Court of the State of New York** | **Pending** |
| **Highland Crusader Offshore Partners, L.P., et al v. TerreStar Corporation Case Index No. XXXXXXXX** | **Breach of Contract** | **Delaware Superior Court - New Castle County** | **Dismissed** |
| **Highland Crusader Offshore Partners, L.P., et al v. TerreStar Corporation Case Index No. 600320/2008** | **Breach of Contract** | **Supreme Court of the State of New York** | **Dismissed** |
| **Highland Crusader Offshore Partners, L.P., et al v. Motient Corporation Case Index No. DC-05-07996** | **Breach of Contract** | **Texas County Court - Dallas County, 68th District** | **Dismissed** |



None

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**



None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**



None

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**


None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**


None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **See Attachment 9** | | |

**10. Other transfers**

None

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |
| **Colbeck Capital Management, LLC**<br>**888 Seventh Avenue, 40th Floor**<br>**New York, NY 10106** | **01/28/11** | **Second Priority Interest in all of the assets of TerreStar Corporation and TerreStar Holdings Inc.** |

None

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11. Closed financial accounts**


None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**


None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**


None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**


None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**


None

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**


None

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
☒ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Motient Holdings Inc.** | **54-1876634** | **12010 Sunset Hills Road 6th Floor Reston, VA 20190** | **Holding Company** | **12/19/97 to Present** |
| **MVH Holdings Inc.** | **03-0429756** | **12010 Sunset Hills Road 6th Floor Reston, VA 20190** | **Holding Company** | **04/18/02 to Present** |

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| **TerreStar Holdings Inc.** | 27-0890778 | **12010 Sunset Hills Road 6th Floor Reston, VA 20190** | **Holding Company** | **09/09/09 to Present** |
| **TerreStar New York Inc.** | 27-2176394 | **fka Worldwide Imaging Inc. 545 8th Avenue, Room 401 New York, NY 10018** | **Mobile Satellite Services** | **12/09/08 to Present** |

None
☒   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|
| **Premsingh Giridharsuryakala Controller 12010 Sunset Hills Road 6th Floor Reston, VA 20190** | **06/01/09 to Present** |
| **Vincent Loiacono Chief Financial Officer 12010 Sunset Hills Road 6th Floor Reston, VA 20190** | **02/16/09 to Present** |

None
☐   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|
| **Ernst & Young** | **8484 Westpark Drive McLean, VA 22102** | **FYE 2009 (Audit)** **FYE 2010 (Pending Audit)** |

None
☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|------|
| **Premsingh Giridharsuryakala** | **12010 Sunset Hills Road 6th Floor Reston, VA 20190** |

| NAME | ADDRESS |
|---|---|
| **Vincent Loiacono** | **12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA 20190** |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **See Attachment 19d** | |

---

**20. Inventories**

None ☒    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None ☒    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY<br>RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☒    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|
| **Charles Schwab & Co., Inc.**<br>**211 Main Street**<br>**San Francisco, CA 94105** | **Shareholder** | **23.7% of Common Stock Ownership** |
| **David Andonian**<br>**12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA 20190** | **Director** | |
| **David Meltzer**<br>**12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA 20190** | **Director** | |
| **Douglas Brandon**<br>**12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA 20190** | **General Counsel and Secretary** | |
| **Eugene Davis**<br>**12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA 20190** | **Director** | |
| **Goldman Sachs & Co.**<br>**200 West Street**<br>**New York, NY 10282** | **Shareholder** | **11.5% of Common Stock Ownership** |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Jacques Leduc**<br>**1035 Laurier Avenue, Suite 200**<br>**Montreal, Quebec**<br>**H2V 2L1 Canada** | **Director** | |
| **Jeffrey Epstein**<br>**12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA 20190** | **President, Chief Executive**<br>**Officer and Director** | |
| **J.P. Morgan Clearing Corp**<br>**1 Metro Tech Center North**<br>**Brooklyn, NY 11201** | **Shareholder** | **18% of Common Stock Ownership** |
| **Vincent Loiacono**<br>**12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA 20190** | **Chief Financial Officer** | |
| **William M. Freeman**<br>**12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA 20190** | **Chairman of the Board of**<br>**Directors** | |

---

**22 . Former partners, officers, directors and shareholders**

None ☒  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **David Raynor**<br>**12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA 20190** | **Director** | **12/31/09** |
| **Dean A. Olmstead**<br>**12010 Sunset Hills Road**<br>**6th Floor**<br>**Reston, VA 20190** | **Director** | **12/31/09** |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **See Attachment 3c** | | |

**24. Tax Consolidation Group.**


None

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER IDENTIFICATION NUMBER (EIN)
**Motient Corporation 401(k) Savings Plan**                    **93-0976127**
**Plan terminated on 03//07**


## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP


I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.


Date **March 2, 2011**                    Signature **/s/ Vincent Loiacono**
                                    **Vincent Loiacono**
                                    **Chief Financial Officer**


[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

### TerreStar Corporation
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| AKIN, GUMP, STRAUSS, HAUER & FELD LLP 1333 NEW HAMPSHIRE AVE, NW WASHINGTON DC 20036-1564 | | | |
| | 11/19/10 | $650,000.00 | |
| | 01/26/11 | $150,000.00 | |
| | 01/31/11 | $100,000.00 | |
| | 02/09/11 | $200,000.00 | |
| | | $1,100,000.00 | |
| APPTIX DEPT CH 19172 PALATINE IL 60055-9172 | | | |
| | 07/15/10 | $89.55 | |
| | 11/19/10 | $29.85 | |
| | 12/01/10 | $4,611.05 | |
| | 12/17/10 | $4,591.10 | |
| | 12/28/10 | $8.99 | |
| | 01/11/11 | $531.76 | |
| | 01/28/11 | $29.85 | |
| | | $9,892.15 | |
| BERMUDA GOVERNMENT REGISTRAR OF COMPANIES, 30 PARLIAMENT ST HAMILTON HM12 BERMUDA | | | |
| | 12/29/10 | $6,275.00 | |
| BLACKSTONE ADVISORY GROUP 345 PARK AVENUE NEW YORK NY 10154 | | | |
| | 01/28/11 | $88,709.68 | |
| | 02/08/11 | $18,433.18 | |
| | 02/15/11 | $8,928.57 | |
| | | $116,071.43 | |

**TerreStar Corporation**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 3b**
**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| BLACKSTONE ADVISORY PARTNERS 345 PARK AVENUE NEW YORK NY 10154 | | | |
| | 12/01/10 | $50,000.00 | |
| COLBECK CAPITAL MANAGEMENT 888 SEVENTH AVENUE, 40TH FLOOR NEW YORK NY 10106 | | | |
| | 01/28/11 | $35,000.00 | |
| COMPUTERSHARE 4229 COLLECTION CTR DRIVE CHICAGO IL 60693 | | | |
| | 12/17/10 | $2,107.08 | |
| | 02/14/11 | $2,149.36 | |
| | 02/15/11 | $3,121.94 | |
| | | $7,378.38 | |
| DELAWARE SECRETARY OF STATE P.O. BOX 11728 NEWARK NJ 07101-4728 | | | |
| | 11/24/10 | $2,394.00 | |
| | 11/24/10 | $36,000.00 | |
| | | $38,394.00 | |
| EDGEWOOD PARTNERS INSURANCE CENTER FILE 1366, 1801 W. OLYMPIC BLVD PASADENA CA 91119-1366 | | | |
| | 12/17/10 | $24,681.75 | |

## TerreStar Corporation
### STATEMENT OF FINANCIAL AFFAIRS
### ATTACHMENT 3b
### (3b) Payments to Creditors within 90 days

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| FINNLAY LLC<br>10540 FARNHAM DRIVE<br>BETHESDA MD 20814 | | | |
| | 07/13/10 | $15,000.00 | |
| | 12/01/10 | $15,000.00 | |
| | 12/10/10 | $2,250.00 | |
| | | $32,250.00 | |
| MARSH USA INC<br>1166 AVENUE OF THE AMERICAS<br>NEW YORK NY 10036 | | | |
| | 12/01/10 | $286,251.50 | |
| NEXBANK, SSB<br>13455 NOEL RD FL 22<br>DALLAS TX 75240 | | | |
| | 11/19/10 | $4,000.00 | |
| | 12/01/10 | $11,041.67 | |
| | 01/03/11 | $30,364.58 | |
| | | $45,406.25 | |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. FIGUEROA STREET, 10TH FL<br>LOS ANGELES CA 90017 | | | |
| | 11/19/10 | $574,915.56 | |
| | 02/04/11 | $500,000.00 | |
| | | $1,074,915.56 | |
| SMITH BARNEY INC.<br>P.O. BOX 7777-W4555<br>PHILADELPHIA PA 19175 | | | |
| | 11/19/10 | $13,824.81 | |

**TerreStar Corporation**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 3b**
**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| STRATEGIC MODELING SOLUTIONS 4476 SHADY POINT PLACE CHANTILLY VA 20151 | | | |
| | 07/09/10 | $1,000.00 | |
| | 07/15/10 | $5,000.00 | |
| | 11/24/10 | $1,500.00 | |
| | 12/17/10 | $3,900.00 | |
| | 01/11/11 | $5,400.00 | |
| | | $16,800.00 | |
| THE GARDEN CITY GROUP, INC. 105 MAXESS ROAD MELVILLE NY 11747 | | | |
| | 12/21/10 | $50,000.00 | |
| | 02/04/11 | $7,500.00 | |
| | | $57,500.00 | |
| WACHTELL, LIPTON, ROSEN & KATZ 51 WEST 52ND STREET NEW YORK NY 10019 | | | |
| | 11/19/10 | $33,006.00 | |
| | 02/04/11 | $325,000.00 | |
| | | $358,006.00 | |
| WEIL, GOTSHAL & MANGES, LLP 767 FIFTH AVENUE NEW YORK NY 10153-0019 | | | |
| | 11/19/10 | $150,000.00 | |
| | 12/01/10 | $83,387.10 | |
| | 12/28/10 | $1,499.52 | |
| | 01/18/11 | $5,018.50 | |
| | 02/04/11 | $475,000.00 | |
| | 02/14/11 | $4,046.41 | |
| | | $718,951.53 | |

**TerreStar Corporation**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 3c**

**(3c) Withdrawals/Distributions to Insiders**

| NAME AND ADDRESS OF RECIPIENT | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF PAYMENTS | PURPOSE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|---|
| David Andonian | Board Member | 06/15/10 | Director's Fee | $15,000.00 |
| 12010 Sunset Hills Road, 6th Floor | | 01/11/11 | Director's Fee | $27,750.00 |
| Reston, VA 20190 | | | | $42,750.00 |
| | | | | |
| David Meltzer | Board Member | 06/15/10 | Director's Fee | $10,000.00 |
| 12010 Sunset Hills Road, 6th Floor | | 01/11/11 | Director's Fee | $23,750.00 |
| Reston, VA 20190 | | | | $33,750.00 |
| | | | | |
| Eugene Davis | Board Member | 06/15/10 | Director's Fee | $20,000.00 |
| 12010 Sunset Hills Road, 6th Floor | | 01/11/11 | Director's Fee | $26,500.00 |
| Reston, VA 20190 | | | | $46,500.00 |
| | | | | |
| Jacques Leduc | Board Member | 06/15/10 | Director's Fee | $2,500.00 |
| 12010 Sunset Hills Road, 6th Floor | | 01/11/11 | Director's Fee | $21,500.00 |
| Reston, VA 20190 | | | | $24,000.00 |
| | | | | |
| William M. Freeman | Board Member | 03/30/10 | Expense Reimbursement | $669.54 |
| 12010 Sunset Hills Road, 6th Floor | | 05/08/10 | Expense Reimbursement | $461.40 |
| Reston, VA 20190 | | 06/15/10 | Director's Fee | $25,000.00 |
| | | 01/11/11 | Director's Fee | $40,250.00 |
| | | | | $66,380.94 |

**TerreStar Corporation**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 9**

**(9) Payments Related to Bankruptcy Within One Year**

NOTE: The following payments were made by TerreStar Corporation and the previously filed debtor TerreStar Networks Inc. on behalf of themselves and the related debtor TerreStar Holdings Inc. and the previously filed debtors 0887729 B.C. Ltd., Motient Communications Inc., Motient Holdings Inc., Motient License Inc., Motient Services Inc., Motient Ventures Holding Inc., MVH Holdings Inc., TerreStar License Inc., TerreStar National Services Inc., TerreStar Networks (Canada) Inc., TerreStar Networks Holdings (Canada) Inc. and TerreStar New York Inc.

| NAME AND ADDRESS OF PAYEE | NAME OF PAYOR, IF OTHER THAN DEBTOR | DATE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|
| Akin, Gump, Strauss, Hauer & Feld LLP | TerreStar Corporation | 03/09/10 | $918.79 |
| Robert S. Strauss Bldg | TerreStar Corporation | 03/10/10 | $198,383.76 |
| 1333 New Hampshire Ave, NW | TerreStar Corporation | 03/10/10 | $353,413.35 |
| Washington, DC 20036-1564 | TerreStar Corporation | 04/07/10 | $75,865.15 |
| | TerreStar Corporation | 04/28/10 | $150,000.00 |
| | TerreStar Corporation | 05/07/10 | $199,888.48 |
| | TerreStar Corporation | 05/19/10 | $282,599.88 |
| | TerreStar Networks Inc. | 07/21/10 | $317,190.11 |
| | TerreStar Networks Inc. | 08/10/10 | $349,827.70 |
| | TerreStar Networks Inc. | 08/18/10 | $364,557.28 |
| | TerreStar Networks Inc. | 09/28/10 | $574,194.28 |
| | TerreStar Networks Inc. | 10/04/10 | $355,638.13 |
| | TerreStar Networks Inc. | 10/11/10 | $11,040.00 |
| | TerreStar Networks Inc. | 10/15/10 | $500,000.00 |
| | TerreStar Networks Inc. | 10/19/10 | $40,000.00 |
| | TerreStar Corporation | 11/19/10 | $650,000.00 |
| | TerreStar Corporation | 01/26/11 | $150,000.00 |
| | TerreStar Corporation | 01/31/11 | $100,000.00 |
| | TerreStar Corporation | 02/09/11 | $200,000.00 |
| | | | $4,873,516.91 |
| | | | |
| Bennet Jones | TerreStar Networks Inc. | 10/05/10 | $45,252.00 |
| One First Canadian Pl, Ste 3400 | | | $45,252.00 |
| Toronto, ON M5X 1A4 Canada | | | |
| | | | |
| Blackstone Advisory Partners, LP | TerreStar Corporation | 04/20/10 | $275,000.00 |
| 345 Park Avenue | TerreStar Corporation | 05/10/10 | $204,854.46 |
| New York, NY 10154 | TerreStar Corporation | 06/07/10 | $204,643.20 |
| | TerreStar Corporation | 07/09/10 | $213,903.21 |
| | TerreStar Networks Inc. | 08/10/10 | $208,122.74 |
| | TerreStar Networks Inc. | 09/14/10 | $201,910.75 |
| | TerreStar Corporation | 10/15/10 | $8,719.95 |
| | TerreStar Corporation | 12/01/10 | $50,000.00 |
| | | | $1,367,154.31 |
| | | | |
| Blackstone Advisory Group | TerreStar Corporation | 01/28/11 | $88,709.68 |
| 345 Park Avenue | TerreStar Corporation | 02/08/11 | $18,433.18 |
| New York, NY 10154 | TerreStar Corporation | 02/15/11 | $8,928.57 |
| | | | $116,071.43 |

**TerreStar Corporation**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 9**

**(9) Payments Related to Bankruptcy Within One Year**

NOTE:  The following payments were made by TerreStar Corporation and the previously filed debtor TerreStar Networks Inc. on behalf of themselves and the related debtor TerreStar Holdings Inc. and the previously filed debtors 0887729 B.C. Ltd., Motient Communications Inc., Motient Holdings Inc., Motient License Inc., Motient Services Inc., Motient Ventures Holding Inc., MVH Holdings Inc., TerreStar License Inc., TerreStar National Services Inc., TerreStar Networks (Canada) Inc., TerreStar Networks Holdings (Canada) Inc. and TerreStar New York Inc.

| NAME AND ADDRESS OF PAYEE | NAME OF PAYOR, IF OTHER THAN DEBTOR | DATE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|
| Deloitte & Touche LLP | TerreStar Networks Inc. | 10/05/10 | $58,975.00 |
| 181 Bay Street, Suite 1400 | TerreStar Networks Inc. | 10/05/10 | $75,000.00 |
| Toronto, ON M5J 2V1 Canada | | | $133,975.00 |
| | | | |
| Fraser Milner Casgrain LLP | TerreStar Networks Inc. | 03/15/10 | $973.25 |
| 99 Bank Street, Suite 1420 | TerreStar Networks Inc. | 03/15/10 | $2,783.47 |
| Ottawa, Canada K1P1H4 | TerreStar Networks Inc. | 03/27/10 | $0.20 |
| | TerreStar Networks Inc. | 03/27/10 | $0.09 |
| Fraser Milner Casgrain LLP | TerreStar Networks Inc. | 03/30/10 | $1,045.94 |
| 99 Bank Street, Suite 1420 | TerreStar Networks Inc. | 04/30/10 | $1,003.45 |
| Ottawa, Canada K1P1H4 | TerreStar Corporation | 05/12/10 | $420.24 |
| | TerreStar Networks Inc. | 06/06/10 | $1,029.31 |
| | TerreStar Networks Inc. | 06/12/10 | $0.11 |
| | TerreStar Networks Inc. | 06/30/10 | $3,175.78 |
| | TerreStar Networks Inc. | 06/30/10 | $100,721.34 |
| | TerreStar Networks Inc. | 07/13/10 | $100,721.34 |
| | TerreStar Networks Inc. | 07/15/10 | $0.68 |
| | TerreStar Networks Inc. | 07/15/10 | $0.08 |
| | TerreStar Networks Inc. | 07/30/10 | $185.82 |
| | TerreStar Networks Inc. | 07/30/10 | $93,822.47 |
| | TerreStar Networks Inc. | 08/02/10 | $93,822.47 |
| | TerreStar Networks Inc. | 08/10/10 | $106,786.61 |
| | TerreStar Networks Inc. | 08/14/10 | $0.42 |
| | TerreStar Networks Inc. | 08/14/10 | $0.08 |
| | TerreStar Networks Inc. | 09/14/10 | $97,625.35 |
| | TerreStar Networks Inc. | 09/27/10 | $178,577.60 |
| | TerreStar Networks Inc. | 10/05/10 | $151,134.38 |
| | TerreStar Networks Inc. | 10/16/10 | $52,000.00 |
| | | | $985,830.48 |
| | | | |
| Quinn Emanual Urquhart & Sullivan LLP | TerreStar Corporation | 11/19/10 | $574,915.56 |
| 865 South Figuero Street, 10th Fl | TerreStar Corporation | 02/04/11 | $500,000.00 |
| Los Angeles, CA  90017 | | | $1,074,915.56 |
| | | | |
| Stikeman Elliott LLP | TerreStar Networks Inc. | 10/04/10 | $75,000.00 |
| Attn: Sidney Horn | TerreStar Networks Inc. | 10/08/10 | $67,463.70 |
| 1155 René-Lévesque Blvd West, 40th Fl | TerreStar Networks Inc. | 10/14/10 | $56,709.60 |
| Montréal, QC Canada  H3B 3V2 | TerreStar Networks Inc. | 10/19/10 | $50,000.00 |
| | | | $249,173.30 |

**TerreStar Corporation**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 9**

**(9) Payments Related to Bankruptcy Within One Year**

NOTE:  The following payments were made by TerreStar Corporation and the previously filed debtor TerreStar Networks Inc. on behalf of themselves and the related debtor TerreStar Holdings Inc. and the previously filed debtors 0887729 B.C. Ltd., Motient Communications Inc., Motient Holdings Inc., Motient License Inc., Motient Services Inc., Motient Ventures Holding Inc., MVH Holdings Inc., TerreStar License Inc., TerreStar National Services Inc., TerreStar Networks (Canada) Inc., TerreStar Networks Holdings (Canada) Inc. and TerreStar New York Inc.

| NAME AND ADDRESS OF PAYEE | NAME OF PAYOR, IF OTHER THAN DEBTOR | DATE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|
| The Garden City Group, Inc. | TerreStar Networks Inc. | 06/28/10 | $50,000.00 |
| 105 Maxess Road | TerreStar Networks Inc. | 08/13/10 | $64,468.00 |
| Melville, NY  11747 | TerreStar Networks Inc. | 09/07/10 | $54,632.50 |
| | TerreStar Networks Inc. | 10/19/10 | $10,000.00 |
| | TerreStar Corporation | 12/21/10 | $50,000.00 |
| | TerreStar Corporation | 02/04/11 | $7,500.00 |
| | | | $236,600.50 |
| | | | |
| Wachtell, Lipton, Rosen & Katz | TerreStar Corporation | 11/19/10 | $33,006.00 |
| 51 West 52nd Street | TerreStar Corporation | 02/04/11 | $325,000.00 |
| New Yor, NY  10019 | | | $358,006.00 |
| | | | |
| Weil, Gotshal & Manges, LLP | TerreStar Corporation | 11/19/10 | $150,000.00 |
| 757 Fifth Avenue | TerreStar Corporation | 12/01/10 | $83,387.10 |
| New York, NY  10153 | TerreStar Corporation | 12/28/10 | $1,499.52 |
| | TerreStar Corporation | 01/18/11 | $5,018.50 |
| | TerreStar Corporation | 02/04/11 | $475,000.00 |
| | TerreStar Corporation | 02/14/11 | $4,046.41 |
| | | | $718,951.53 |

**TerreStar Corporation**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a**
**Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, TerreStar Corporation has filed with the U.S. Securities and Exchange Commission (the "SEC") reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the Debtors. Additionally, consolidated financial information for the Debtors is posted on the company's website at www.terrestar.com. Because the SEC filings and the website are of public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the Debtors.

In addition, the Debtors provide certain parties, such as banks, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures. As such, the Debtors have not provided lists of these parties in response to this question.