AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)
Sarah Link Schultz

*Counsel to the Other TSC Debtors and*
*Proposed Counsel to the February Debtors*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR CORPORATION, *et al.*,[1] | ) | Case No. 11-10612 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |


### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

  The February Debtors are filing their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***" and, with the Schedules, the "***Schedules and Statements***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"). The February Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

---

[1] The February Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (a) TerreStar Corporation [6127]; and TerreStar Holdings Inc. [0778] (collectively, the "***February Debtors***") and (b) TerreStar New York Inc. [6394]; Motient Communications Inc. [3833]; Motient Holdings Inc. [6634]; Motient License Inc. [2431]; Motient Services Inc. [5106]; Motient Ventures Holding Inc. [6191]; MVH Holdings Inc. [9756] (collectively, the "***Other TSC Debtors***" and collectively, with the February Debtors the "***Debtors***" or the "***TSC Debtors***").

These Global Notes and Statements of Limitations, Methods and Disclaimer Regarding the February Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "*Global Notes*") pertain to, are incorporated by reference in, and comprise an integral part of, all the Schedules and Statements. These Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared by the February Debtors' management and are unaudited and subject to further review and potential revision. In preparing the Schedules and Statements, the February Debtors relied on financial data derived from their books and records as were available at the time of preparation. The February Debtors' management and advisors have made reasonable efforts to ensure that they are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors or omissions may exist, notwithstanding any such discovery or new information, however the February Debtors shall not be required to update the Schedules and Statements.

**Global Notes Control**. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the February Debtors' rights or an admission with respect to their chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts, assumption or rejection of contracts under the provisions of Bankruptcy Code chapter 3 and/or causes of action arising under the provisions of Bankruptcy Code chapter 5 or any other relevant applicable laws to recover assets or avoid transfers.

**Description of the Case and "as of" Information Date**. On February 16, 2011 (the "*February Petition Date*"), each of the February Debtors filed a petition for relief with the Bankruptcy Court under Bankruptcy Code chapter 11. The February Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

Unless specifically noted otherwise, all amounts listed in the Schedules and Statements are as of the February Petition Date.

**Corporate Structure**. A description of the February Debtors' corporate structure is set forth in the Declaration of Jeffrey W. Epstein Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Pleadings, which was filed on the February Petition Date.

---

[2] These Global Notes are in addition to any specific notes contained in each February Debtor's Schedules or Statements. The fact that the February Debtors have prepared a Global Note with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the February Debtors to exclude the applicability of such Global Note to any of the February Debtors' remaining Schedules and Statements, as appropriate.

**Amendment**.  Although reasonable efforts were made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  Thus, the February Debtors reserve all rights to amend or supplement their Schedules and Statements from time to time as may be necessary or appropriate.

**Basis of Presentation**.  For financial reporting purposes, the February Debtors and certain of their non-debtor affiliates historically prepare consolidated financial statements.  Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis.  Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the February Debtors for financial reporting purposes or otherwise.

Although these Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("*GAAP*"), the Schedules and Statements neither purport to represent nor reconcile financial statements otherwise prepared and/or distributed by the February Debtors in accordance with GAAP or otherwise.  To the extent that a Debtor shows more assets than liabilities, this is not an admission that the February Debtor was solvent at the February Petition Date or at any time prior to the February Petition Date.  Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the February Debtor was insolvent at the February Petition Date or any time prior to the February Petition Date.

**Consolidated Accounts Payable and Disbursements System**.  The February Debtors utilize consolidated accounts payable and disbursement systems in their day-to-day operations, the effect of which, in part, is that certain accounts payable and or payment detail is not readily available on a legal entity basis.  Although efforts have been made to attribute open payable amounts to the correct legal entity, the February Debtors reserve their right to modify or amend the Schedules and Statements to attribute such payable to a different legal entity, if appropriate.  Payments made are listed by the entity making such payment notwithstanding that many such payments may have been made on behalf of another entity.

**Confidentiality**.  There may be instances within the Schedules and Statements where names, addresses, or amounts have been left blank.  Due to concerns of confidentiality, or concerns for privacy of an individual, the February Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.  To the extent that certain addresses are withheld, the February Debtors will make such address available upon reasonable request and agreement to enter into an appropriate confidentiality arrangement.

**Intercompany Claims and Transfers**.  Receivables and payables among the February Debtors in these cases (each an "*Intercompany Receivable*" or "*Intercompany Payable*") are reported in the Schedules.  To the extent a Debtor owes an Intercompany Payable, it is reported on Schedule F as a claim of such Debtor.  To the extent a Debtor has an Intercompany Receivable, it is reported on Schedule B16 as an asset of such Debtor.  While the February Debtors have used reasonable efforts to ensure that the proper intercompany balances are attributed to each legal entity, all rights to amend these items on the Schedules and Statements are reserved.

Intercompany transfers can be characterized in many ways. The February Debtors reserve all of their rights with respect to the intercompany balances listed in the analysis, including, but not limited to, the appropriate characterization of such intercompany balances and the amounts of such balances, which are still being identified by the February Debtors.

The February Debtors have listed all Intercompany Payables as unsecured non-priority claims on Schedule F for each applicable Debtor but reserve their rights, except as otherwise may be agreed to pursuant to a stipulation filed with the Bankruptcy Court, to later change the characterization, classification, categorization or designation of such claims, including by designating all or any portion of the amounts listed as secured.

**Insiders**. For purposes of the Schedules and Statements, the February Debtors define "insiders" pursuant to Bankruptcy Code section 101(31) as (a) directors, (b) officers, (c) those in control of the February Debtors, (d) relatives of directors, officers, or persons in control of the February Debtors, and (e) affiliates, or insiders of affiliates. Inter-company payments between the February Debtors are not so listed.

Persons listed as "insiders" have been included for informational purposes only. The February Debtors do not take any position with respect to (a) such person's influence over the control of the February Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Recharacterization**. The February Debtors have made reasonable efforts to characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements correctly. The February Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts listed herein were executory as of the February Petition Date or remain executory post-petition and whether leases listed herein were unexpired as of the February Petition Date or remain unexpired post-petition.

**Consolidation of Certain Information**. Information that is provided on a consolidated basis is specifically indicated in the applicable Schedules and Statements. The listing of information on a consolidated basis is not, and should not be interpreted as, an admission or view as to the appropriateness of substantive consolidation. The February Debtors reserve all rights to amend or supplement their Schedules and Statements that reflect information on a consolidated basis to present such information on an unconsolidated basis as is necessary and appropriate.

## Summary of Significant Reporting Policies.

a)     **Foreign Currency**. All amounts shown in the Schedules are in U.S. Dollars, which in some cases reflects a conversion based on foreign exchange rates as of February 16, 2011.

100607708

**b)** <u>Current Market Value – Net Book Value</u>. In many instances, current market valuations are neither maintained by nor readily available to the February Debtors. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the February Debtors' property interests that are not maintained or readily available. Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book values as of September 30, 2010, rather than current market values, of the February Debtors' assets as of the February Petition Date and may not reflect the net realizable value. For this reason, amounts ultimately realized will vary, at some times materially, from net book value. Additionally, the amount of certain liabilities may be "unknown" or "undetermined" and thus, ultimate liabilities may differ materially from those states in the Schedules and Statements.

**c)** <u>Liabilities</u>. Unless otherwise indicated, all liabilities are listed as of February 16, 2011.

**d)** <u>Paid Claims</u>. Pursuant to certain first-day orders issued by the Bankruptcy Court (collectively, the "***First Day Orders***"), the Bankruptcy Court has authorized the February Debtors to pay certain outstanding pre-petition claims. Although not all claims previously paid pursuant to a First Day Order will be listed in the Schedules and Statements, certain of these claims that have been paid may appear in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent that such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the February Debtors reserve all rights to amend or supplement their Schedules and Statements as necessary and appropriate. Certain of the First Day Orders preserve the rights of parties in interest to dispute any amounts paid pursuant to First Day Orders. Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to a First Day Order that preserves such right to contest.

**e)** <u>Credits and Adjustments</u>. The claims of individual creditors for, among other things, goods, products or services or taxes are listed as the amounts entered on the February Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the February Debtors. The February Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

**f)** <u>Leases</u>. In the ordinary course of business, certain of the February Debtors may lease property and equipment from third party lessors for use in the daily operation of their businesses. The February Debtors' obligations pursuant to the same have been listed on Schedule F. The underlying lease agreements are listed on Schedule G. Nothing in the Schedules and Statements is or shall be construed to be an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the February Debtors reserve all rights with respect to such issues.

5

**Excluded Assets and Liabilities**. The February Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements such as goodwill, de minimis deposits, and accrued liabilities including, without limitation, tax accruals and accrued accounts payable. Other immaterial assets and liabilities may also have been excluded.

**Undetermined Amounts**. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

**Estimates**. To close the books and records of the February Debtors as of the February Petition Date and to prepare such information on a legal entity basis, the February Debtors were required to make estimates, allocations and assumptions that affect the reported amounts of assets and revenue and expenses as of the February Petition Date. The February Debtors reserve all rights to amend the reported amounts of assets, revenue and expenses to reflect changes in those estimates and assumptions.

**Totals**. All totals that are included in the Schedules represent totals of all known amounts included in the February Debtors' books and records as of the February Petition Date. To the extent there are unknown or undetermined amounts, and to the extent the February Debtors made post-petition payments on pre-petition claims pursuant to the First Day Orders or other order of the Bankruptcy Court, the actual total may be different than the listed total.

**Classifications**. Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (c) on Schedule F as "unsecured priority," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the February Debtors of the legal rights of the claimant, or a waiver of the February Debtors' right to recharacterize or reclassify such claim or contract.

**Claims Description**. Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the February Debtor that such amount is not "disputed," "contingent" or "unliquidated." The February Debtors reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their respective Schedules on any grounds including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the February Debtors, and the February Debtors reserve the right to amend the Schedules accordingly.

**Guarantees and Other Secondary Liability Claims**. The February Debtors have used their best efforts to locate and identify guarantees and other secondary liability claims (collectively, the "*Guarantees*") in their executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements. The February Debtors' review of their contracts in such regard is ongoing. Where such Guarantees have been identified, they have been included in the relevant Schedule for the February Debtor or Debtors affected by such Guarantees. The February Debtors have placed Guarantee obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Such Guarantees were additionally placed on Schedule D or Schedule F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on

6

Schedule G. Further, the February Debtors believe that certain Guarantees embedded in the February Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the February Debtors reserve their rights to amend the Schedules to the extent that additional Guarantees are identified. In addition, the February Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract, lease, claim, or Guarantee.

**Causes of Action**. The February Debtors, despite their efforts, may not have listed all of their causes of action (filed or potential) against third parties as assets in the Schedules and Statements. The February Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Schedule A – Real Property**. To the extent the February Debtors have any ownership or possessory interest(s) arising by operation of any executory lease or any other contract, or otherwise, such has not been reported on Schedule A. The February Debtors' failure to list any rights in real property on Schedule A should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

**Schedule B – Personal Property**. Personal property owned by any of the February Debtors is listed in the Schedule B for that individual Debtor. To the extent the February Debtors have not been able to identify the actual physical location of certain personal property, the February Debtors have reported the address of that individual Debtor's principal place of business.

Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, the inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

**Schedule D – Creditors Holding Secured Claims**. Except as otherwise agreed pursuant to a stipulation and agreed order or general order entered by the Bankruptcy Court that is or becomes final, the February Debtors and/or their estates reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the February Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the February Debtors' assets in which such creditors may have a lien has been undertaken.

The February Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other

entities. The descriptions in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

The claims listed on Schedule D arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or to have been incurred prior to the February Petition Date.

Real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The February Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposit posted by, or on behalf of, the February Debtors, or inchoate statutory liens rights.

**Schedule E – Creditors Holding Unsecured Priority Claims**. Listing a claim on Schedule E as "unsecured priority" does not constitute an admission by the February Debtors of the legal rights of the claimant. The February Debtors hereby expressly reserve the right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured nonpriority claim.

The claims listed on Schedule E arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E, however, appear to have arisen or to have been incurred prior to the February Petition Date.

**Schedule F – Creditors Holding Unsecured Nonpriority Claims**. Listing a claim on Schedule F as "unsecured nonpriority" does not constitute an admission by the February Debtors of any legal rights of the claimant. The February Debtors hereby expressly reserve the right to assert that any claim listed on Schedule F does not constitute an unsecured nonpriority claim (including the right to assert that any such claim constitutes a secured or priority claim). Additionally, noting that a claim on Schedule F is "subject to setoff" does not constitute an admission by the February Debtor of the legal rights of the claimant. The February Debtors hereby expressly reserve the right to assert that any claim listed on Schedule F is not subject to setoff or dispute any claim to such setoff.

The February Debtors have attempted to relate all liabilities to each Debtor. However, due to the related nature of the February Debtors' businesses, debts of one Debtor may be inadvertently listed on the Schedules of another. Readers of the Schedules should review all of the February Debtors' Schedules for a complete understanding of the unsecured debts of the February Debtors.

The February Debtors may have certain rights of setoff and/or recoupment with respect to the claims set forth on Schedule F. The February Debtors reserve all rights to challenge such setoff and/or recoupment rights asserted. Additionally, certain creditors may assert mechanic's, materialman's or other similar liens against the February Debtors for amounts listed on Schedule F. The February Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.

Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the February Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the February Petition Date.

The claims listed on Schedule F arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule F, however, appear to have arisen or to have been incurred prior to the February Petition Date.

TerreStar Corporation's Series A Cumulative Convertible Preferred Stock (the "*TSC Series A Preferred*") and Series B Cumulative Convertible Preferred Stock (the "*TSC Series B Preferred*") had a mandatory redemption date of April 15, 2010, at a redemption price of $1,080 per share, or approximately $450,578,385 (as of December 31, 2010). As of the February Petition Date, the February Debtors had not redeemed the TSC Series A Preferred or TSC Series B Preferred. The February Debtors have not included claims related to the redemption of the TSC Series A Preferred or TSC Series B Preferred because as such terms are defined by the Bankruptcy Code, the February Debtors believe that such redemption rights are equity securities and not claims. *See, e.g., In re Trace Int'l Holdings, Inc.,* 287 B.R. 98, 109 (Bankr. S.D.N.Y. 2002); *Carrieri v. Jobs.com Inc.,* 393 F.3d 508 (5th Cir. 2004).

**Schedule G – Executory Contracts and Unexpired Leases**. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, the February Debtors' review is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred.

Any and all of the February Debtors' rights, claims, and causes of action with respect to the contracts, agreements, and leases listed on Schedule G are hereby reserved and preserved, and, as such, the February Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary.

The placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract. The February Debtors hereby expressly reserve the right to assert that any claim listed on Schedule G does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code.

100607708

The February Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth in Schedule G. Moreover, the contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels certificates, letters, or other documents, instruments, and agreements that may not be listed on Schedule G. Portions of some contracts and leases that are listed on Schedule G may have been fully performed, while other portions of the same contracts and leases may remain executory or unexpired.

Certain of the contracts, agreements, and leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations may not be set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of these agreements or any other agreements on Schedule G does not constitute an admission that any such agreement is an executory contract or unexpired lease.

The February Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Further, the February Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G.

The February Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G. However, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the February Debtors have listed certain contracts, agreements, and leases on Schedule G of the February Debtor entity corresponding to the applicable contracting entity on which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease. Additionally, certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the February Debtors.

**Schedule H – Co-Obligors**. Although the February Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions or inclusion may have occurred. The February Debtors hereby reserve all rights to dispute the validity, status or enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The February Debtors further reserve all rights, claims and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument related to a creditor's claim. The listing of a contract, guarantee or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid or enforceable.

**Statements Question 2 – Other Income**. From time to time, the February Debtors may have de minimis income from sources other than the operation of business that is not provided in response to Statement Question 2.

**Statements Question 3(b) and (c) – Payments to Creditors**. All amounts that remain outstanding to any creditor listed on Statement Question 3 are reflected on Schedules D, E, and F as applicable. Any creditor wishing to verify any outstanding indebtedness should review those schedules.

Certain intercompany transactions are accounted for through transfers of cash to and from appropriate bank accounts in and out of the February Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the February Debtor and its Debtor and non-Debtor affiliates. These payments and transactions have not been listed. However, readers of the Schedules and Statements wishing to verify any outstanding Intercompany Payables and Intercompany Receivables should refer to Schedules B16, D or F, as applicable.

The February Debtor's response includes payments made to such creditors who are or were insiders only to the extent such payments were made during the time in which the creditor was an insider and only in that creditor's capacity as insider.

**Statements Question 9 – Payments Related to Debt Counseling or Bankruptcy**. All payments related to debt counseling or bankruptcy made to the February Debtors' advisors are listed on the Statements of TerreStar Corporation and represent payments made for themselves and other February Debtors, except as specifically noted on the Statements.

**Statements Question 18(a) – Location of Business**. The February Debtors have disclosed the address of each Debtor's main center of operations or headquarters and have not included information regarding any related ground stations, warehousing, or storage facilities, or any other site or location where a portion of a Debtor's business operations are conducted.

**Statements Question 19(d) – Books, Records, and Financial Statements**. Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, TerreStar Corporation, the non-Debtor ultimate parent company of the February Debtors, has filed with the U.S. Securities and Exchange Commission (the "*SEC*") reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the February Debtors. Additionally, consolidated financial information for the February Debtors is posted on the company's website at www.terrestar.com. Because the SEC filings and the website are of public record, the February Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the February Debtors.

In addition, the February Debtors provide certain parties, such as banks, auditors, potential investors, vendors and financial advisors financial statements that may not be part of a public filing. The February Debtors do not maintain complete lists to track such disclosures. As such, the February Debtors have not provided lists of these parties in response to this question.

**Statements Question 23 – Distributions to an Insider**. Certain intercompany transactions are accounted for through transfers of cash to and from appropriate bank accounts in and out of the February Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the February Debtor and its Debtor and non-Debtor affiliates. These payments and transactions have not been listed. However, readers of the Schedules and Statements wishing to verify any outstanding Intercompany Payables and Intercompany Receivables should refer to Schedules B16, D or F, as applicable.

The February Debtor's response includes payments made to such creditors who are or were insiders only to the extent such payments were made during the time in which the creditor was an insider and only in that creditor's capacity as insider.

.

# United States Bankruptcy Court

## Southern District of New York

In re    **TerreStar Holdings Inc.**                                 ,      Case No.   **11- 10613 (SHL)**

                                                    Debtor          Chapter                        **11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 4 | 34,243,520.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 5,183,262.98 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 350,000.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 11 | | | |
| | | Total Assets | 34,243,520.00 | | |
| | | Total Liabilities | | 5,533,262.98 | |

In re     **TerreStar  Holdings Inc.**                                                                           , Case No.    11- 10613 (SHL)
                                           Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | |
|---|---|---|
| | Sub-Total > | 0.00 | (Total of this page) |
| | Total > | 0.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                          Best Case Bankruptcy

.

| In re | **TerreStar Holdings Inc.** | | Case No. | **11- 10613 (SHL)** |
|---|---|---|---|---|
| | | Debtor | | |

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **See Attachment B9** | **-** | **Unknown** |
| 10. Annuities. Itemize and name each issuer. | X | | | |

| | Sub-Total > | **0.00** |
|---|---|---|
| | (Total of this page) | |

 **2**   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

In re    **TerreStar  Holdings Inc.**                                          ,    Case No.    **11- 10613 (SHL)**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **TerreStar 1.4 Holdings LLC 100% Membership Interest** | - | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Intercompany Receivable - Motient Venture Holdings** | - | **34,243,520.00** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >    **34,243,520.00**
(Total of this page)

Sheet    **1**    of    **2**    continuation sheets attached
to the Schedule of Personal Property

In re   **TerreStar Holdings Inc.**                            ,     Case No.   **11- 10613 (SHL)**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 34,243,520.00 |

Sheet  **2**  of  **2**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

## TerreStar Holdings Inc.
## SCHEDULES OF ASSETS AND LIABILITIES
## ATTACHMENT B9

### (B9) Interests in Insurance Policies

| TYPE OF POLICY AND NAME OF INSURANCE COMPANY | TERM | POLICY NUMBER | SURRENDER OR REFUND VALUE |
|---|---|---|---|
| **Commercial Package - Canada** | | | |
| Chubb Insurance Company of Canada | 04/01/10 -04/01/11 | 35918469 | Unknown |
| | | | |
| **Commercial Package - US** | | | |
| Great Northern | 04/01/10 -04/01/11 | 3535-34-47 BAL | Unknown |
| | | | |
| **Crime/ERISA** | | | |
| Federal | 04/01/10 -04/01/13 | 8208-1766 | Unknown |
| | | | |
| **D&O - First Layer** | | | |
| ACE American Insurance Company | 11/08/10 -11/08/11 | DOX G245667171 | Unknown |
| | | | |
| **D&O - Primary Layer** | | | |
| XL Specialty Insurance Company | 11/08/10 -11/08/11 | ELU114568-09 | Unknown |
| | | | |
| **D&O - Second Layer (side A)** | | | |
| National Union Fire Insurance Company of Pittsburgh, PA | 11/08/10 -11/08/11 | 01-361-36-35 | Unknown |
| | | | |
| **Fiduciary Liability** | | | |
| Federal | 04/01/10 -04/01/11 | 8141-4446 | Unknown |
| | | | |
| **Hired/Nonowned auto** | | | |
| Great Northern | 04/01/10 -04/01/11 | (10)7355-12-61 | Unknown |
| | | | |
| **Umbrella** | | | |
| Federal | 04/01/10 -04/01/11 | 7986-95-68 BAL | Unknown |
| | | | |
| **Workers Compensation** | | | |
| Chubb Indemnity | 04/01/10 -04/01/11 | (11)7172-72-74 | Unknown |

In re    **TerreStar  Holdings Inc.**                                                    ,      Case No.   **11- 10613 (SHL)**
                                        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | **Work Fee and Commitment Letter Notes** | | | | | |
| **COLBECK CAPITAL MANAGEMENT, LLC**<br>**888 SEVENTH AVENUE**<br>**40TH FLOOR**<br>**NEW YORK, NY 10106** | X | - | **Collateral:  Second priority interest in all of the assets of TerreStar Corporation and TerreStar Holdings Inc.** | | | | | |
| | | | Value $            **Unknown** | | | | **875,000.00** | **Unknown** |
| Account No. | | | 11/19/10 | | | | | |
| **NEXBANK SSB, AS ADMINISTRATIVE AND COLLATERAL AGENT**<br>**13455 NOEL RD., 22ND FLOOR**<br>**GALLERIA TOWER II**<br>**DALLAS, TX 75240** | X | - | **Guaranty - Bridge Loan Agreement**<br>**Collateral: First priority interest in all of the assets of TerreStar Corporation as borrower and TerreStar Holdings Inc. as guarantor** | | | X | | |
| | | | Value $            **Unknown** | | | | **4,308,262.98** | **Unknown** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

**0**  continuation sheets attached

| | Subtotal<br>(Total of this page) | **5,183,262.98** | **0.00** |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | **5,183,262.98** | **0.00** |

In re  **TerreStar Holdings Inc.**                                   , Case No. __11- 10613 (SHL)__
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

__0__ continuation sheets attached

In re    **TerreStar  Holdings Inc.**                                    ,       Case No.   **11- 10613 (SHL)**
_____
                           Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **xx0896** | | | | | **Trade Payable** | | | | |
| **JEFFERIES & COMPANY, INC 520 MADISON AVENUE NEW YORK, NY 10022** | X | - | | | | X | X | X | |
| | | | | | | | | | **350,000.00** |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

| | | |
|---|---|---|
| **_0_** continuation sheets attached | Subtotal (Total of this page) | **350,000.00** |
| | Total (Report on Summary of Schedules) | **350,000.00** |

.

In re    **TerreStar Holdings Inc.**                           Case No.    __11- 10613 (SHL)__

                                      Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
|---|---|
| **Motient Ventures Holding Inc.**<br>**Attn: Douglas Brandon**<br>**12010 Sunset Hills Road, 6th Floor**<br>**Reston, VA 20190** | **Intercompany Demand Note** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

.

In re   **TerreStar Holdings Inc.**                                   ,       Case No.   **11- 10613 (SHL)**

Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **0887729 B.C. LTD.**<br>**1040 WEST GEORGIA STREET**<br>**15TH FLOOR**<br>**VANCOUVER, B.C. V6E 4H8** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **MOTIENT COMMUNICATIONS INC.**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **MOTIENT HOLDINGS INC.**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **MOTIENT LICENSE INC.**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **MOTIENT SERVICES INC.**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **MOTIENT VENTURES HOLDING INC.**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **MVH HOLDINGS INC.**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **TERRESTAR CORPORATION**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **NEXBANK SSB, AS ADMINISTRATIVE**<br>**AND COLLATERAL AGENT**<br>**13455 NOEL RD., 22ND FLOOR**<br>**GALLERIA TOWER II**<br>**DALLAS, TX 75240**<br>   **Bridge Loan Agreement** |
| **TERRESTAR CORPORATION**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **COLBECK CAPITAL MANAGEMENT, LLC**<br>**888 SEVENTH AVENUE**<br>**40TH FLOOR**<br>**NEW YORK, NY 10106**<br>   **Work Fee and Commitment Letter Notes** |

1

      continuation sheets attached to Schedule of Codebtors

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **TERRESTAR CORPORATION**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **TERRESTAR LICENSE INC.**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **TERRESTAR NATIONAL SERVICES INC.**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **TERRESTAR NETWORKS (CANADA) INC.**<br>**1035 AVENUE LAURIER WEST, 2ND FL**<br>**OUTREMONT, CANADA QC-H2V-2L1** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **TERRESTAR NETWORKS HOLDINGS**<br>**(CANADA) INC.**<br>**1035 AVENUE LAURIER WEST, 2ND FLOOR**<br>**OUTREMONT, CANADA QC-H2V-2L1** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **TERRESTAR NETWORKS INC.**<br>**12010 SUNSET HILLS ROAD**<br>**6TH FLOOR**<br>**RESTON, VA 20190** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |
| **TERRESTAR NEW YORK INC.**<br>**545 8TH AVENUE**<br>**ROOM 401**<br>**NEW YORK, NY 10018** | **JEFFERIES & COMPANY, INC**<br>**520 MADISON AVENUE**<br>**NEW YORK, NY 10022**<br>   **Trade Payable** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com          Best Case Bankruptcy

# United States Bankruptcy Court
## Southern District of New York

In re    **TerreStar Holdings Inc.**                   Case No.    **11- 10613 (SHL)**

Debtor(s)

                                                  Chapter    **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Treasurer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **12**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **March 2, 2011**                 Signature    **/s/ Vincent Loiacono**

                                                       **Vincent Loiacono**
                                                       **Treasurer**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.