**Hearing Date: March 9, 2011 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: March 2, 2011 at 5:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Debra A. Dandeneau
Ronit J. Berkovich

*Attorneys for Harbinger Capital*
*Partners LLC, et al.*


WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Scott Charles
Alexander B. Lees

*Attorneys for Highland Capital*
*Management, L.P., et al.*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TERRESTAR CORPORATION, *et al.*,[1] | ) Case No. 11-10612 (SHL) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer-identification number, are: (a) TerreStar Corporation [6127] ("**TSC**") and TerreStar Holdings Inc. [0778] (collectively, the "**February Debtors**"); and (b) TerreStar New York Inc. [6394]; Motient Communications Inc. [3833]; Motient Holdings Inc. [6634]; Motient License Inc. [2431]; Motient Services Inc. [5106]; Motient Ventures Holding Inc. [6191]; and MVH Holdings Inc. [9756] (collectively, the "**Other TSC Debtors**" and, collectively with the February Debtors, the "**TSC Debtors**").

**JOINT LIMITED OBJECTION OF HARBINGER CAPITAL
PARTNERS LLC AND HIGHLAND CAPITAL MANAGEMENT, L.P.
TO THE FEBRUARY DEBTORS' MOTION FOR ENTRY OF
AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a)
DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11 CASES
OF TERRESTAR NETWORKS INC., *ET AL.* BE MADE APPLICABLE
TO THE CHAPTER 11 CASES OF TERRESTAR CORPORATION AND
TERRESTAR HOLDINGS INC., *NUNC PRO TUNC* TO THE PETITION DATE**

Harbinger Capital Partners LLC and certain of its affiliated and managed funds (collectively, "*Harbinger*") and Highland Capital Management, L.P. and certain of its managed and affiliated funds (collectively, "*Highland*"), in their capacity as substantial holders of preferred stock of TSC and lenders under certain prepetition bridge loans made to TSC (the "*Holders*"), by and through their respective undersigned counsel, submit this limited objection (the "*Objection*") to the Motion for Entry of an Order Pursuant to Bankruptcy Code Section 105(a) Directing that Certain Orders in the Chapter 11 Cases of TerreStar Networks Inc., *et al.* Be Made Applicable to the Chapter 11 Cases of TerreStar Corporation and TerreStar Holdings Inc., *Nunc Pro Tunc* to the Petition Date [Docket No. 3] (the "*Motion*") filed by the February Debtors.[2] The Holders file this Objection solely to ensure that the order applying the Akin Retention Order (the "*Applicability Order*") expressly restricts Akin from representing any of the TSC Debtors on certain matters as to which the interests of the TSC Debtors and the TSN Debtors are in conflict.

**Limited Objection to Akin's Representation of the TSC Debtors**

1.   As a general matter, the Holders have no objection to Akin's representation of the TSC Debtors in these chapter 11 cases. On certain matters, however, the interests of the TSC Debtors are not aligned – and, in fact are inconsistent – with those of the

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

TSN Debtors. While additional matters may arise from time to time that may require the TSC Debtors to retain conflicts counsel,[3] the Holders are presently aware of three issues as to which Akin should not represent the interests of both the TSC Debtors and the TSN Debtors: (1) claims asserted against TSC by Elektrobit, Inc. ("*Elektrobit*"), a supplier of TSN (the "*Elektrobit Claims*"), (2) claims asserted by Jefferies & Company, Inc. ("*Jefferies*") arising from the engagement letter executed between TSC and Jefferies (the "*Jefferies Claims*"), and (3) the prosecution and defense of any intercompany claims asserted between any of the TSC Debtors, on the one hand, and any of the TSN Debtors, on the other (the "*Intercompany Claims*").

2.    *The Elektrobit Claims.*  Both TSN and TSC are parties to a Master Development and Licensing Agreement with Elektrobit dated as of August 10, 2007 (the "*Elektrobit Agreement*"), but in significantly different capacities. Under the Elektrobit Agreement, originally between only Elektrobit and TSN, Elektrobit has supplied TSN with certain services used in TSN's business. TSC only became a party to the Elektrobit Agreement pursuant to a later amendment that purports to require TSC to guarantee the obligations of TSN under the Elektrobit Agreement. In a lawsuit brought by Elektrobit against TSC prior to the Petition Date, Elektrobit sought recovery of approximately $26 million largely on account of amounts allegedly owed by TSN to Elektrobit under the Elektrobit Agreement for which TSC was allegedly liable pursuant to the above-mentioned guarantee. The Holders believe that TSC may have defenses to any Elektrobit Claims asserted that may place TSC at odds with the TSN Debtors and any strategies of the TSN Debtors in addressing the Elektrobit Claims. As a result,

---

[3] The Holders reserve all rights to assert that any additional issue or action presents a conflict of interest for Akin. In addition, the Holders' descriptions of certain matters in this Objection are intended solely for the purpose of illustrating the disputed facts at issue. The Holders reserve all rights to dispute the accuracy of such facts and their claimed legal implications.

the Holders believe that Akin will likely find itself in the untenable position of representing two parties at the opposite ends of the same negotiating table – or worse, courtroom.

3. ***The Jefferies Claims.*** Jefferies filed proofs of claim against each of the October Debtors asserting liquidated fees in the amount of $1,347,991 and total unliquidated and contingent fees in the amounts of $5,000,000 and $7,500,000 (collectively, the "**Proofs of Claim**"). Akin filed on behalf of all the October Debtors an objection to the Proofs of Claim. *In re TerreStar Networks Inc.*, Case No. 10-15446 (SHL) [Docket No. 327] (the "**Jefferies Claim Objection**"). The only substantive basis supporting the Jefferies Claim Objection is that Jefferies is entitled to recover against TSC only (even though, the Holders believe, the work performed by Jefferies related principally to the restructuring of the TSN Debtors). *See id.* ¶¶ 17-18. Having already attempted to pin all liability relating to the Jefferies Claims on TSC, Akin should not be permitted to now represent TSC in connection with defending against the Jefferies Claims.

4. ***Intercompany Claims.*** The Intercompany Claims may include claims by certain of the TSC Debtors against certain of the TSN Debtors, and vice versa. These claims may include a claim seeking the avoidance of a $32 million capital contribution by Motient Ventures Holdings Inc. to TSN within the two years before the commencement of TSN's chapter 11 case. As with the Elektrobit Claims and the Jefferies Claims, the TSC Debtors should be able to rely upon counsel whose sole purpose is to further the interests of the TSC Debtors, even at the expense of the TSN Debtors. Any claims asserted by debtors from one group against another necessarily places Akin on both sides of any claims litigation, where the interests of the two distinct groups of debtors clearly differ.

5. Prior to filing this Objection, the Holders repeatedly requested that Akin carve out the Elektrobit Claims, Jefferies Claims, and Intercompany Claims from the

Applicability Order. Although Akin has acknowledged that it must retain conflicts counsel in the event a conflict of interest develops, *see* Fourth Supplemental Declaration of Ira S. Dizengoff in Support of Debtors' Application to Employ and Retain Akin Gump Strauss Hauer & Feld LLP as Attorneys for the Debtors *Nunc Pro Tunc* to the Petition Date ¶ 9 n.3 [Docket No. 24], it has refused to do so with respect to the matters described above, contending that the described conflicts are not yet ripe. Akin's protests aside, the Holders believe that these conflicts are obvious and apparent. Clearly excluding these matters from the scope of Akin's representation of the TSC Debtors at this time will therefore eliminate any uncertainty about Akin's role going forward in these matters and afford the TSC Debtors sufficient time to engage conflicts counsel to address these issues, thereby mitigating any disruptive and harmful effect a later withdrawal by Akin would have on the TSC Debtors. It will also ensure that the representation received by the TSC Debtors will be provided by a law firm free from the specter of conflicting interests and divided loyalties.

6. Based on the reasons set forth above, the Holders respectfully request that the Court modify the Applicability Order to carve-out from the scope of Akin's representation of the TSC Debtors any matters relating to the Elektrobit Claims, Jefferies Claims, and Intercompany Claims.

Dated: March 2, 2011
      New York, New York

WEIL, GOTSHAL & MANGES LLP

/s/ Debra A. Dandeneau
Debra A. Dandeneau
Ronit J. Berkovich

767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Harbinger Capital Partners LLC, et al.*

WACHTELL, LIPTON, ROSEN & KATZ

/s/ Scott K. Charles
Scott K. Charles
Alexander B. Lees

51 West 52nd Street
New York, NY 10019

Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Highland Capital Management, L.P. et al.*