**Hearing Date: October 13, 2011 at 10:00 a.m. (ET)**
**Objection Deadline: October 6, 2011 at 5:00 p.m. (ET)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis

1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)
Sarah Link Schultz

*Counsel to the TSC Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| TERRESTAR CORPORATION, *et al.*,[1] | Case No. 11-10612 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON THE TSC DEBTORS' SECOND OMNIBUS
OBJECTION TO CERTAIN PROOFS OF CLAIM (AMENDED
AND SUPERSEDED, NONCOMPLIANT, FULLY SATISFIED,
<u>PARTIALLY SATISFIED AND IMPROPER AMOUNT</u>)**

**TO THE CLAIMANTS IDENTIFIED ON <u>SCHEDULES 1 THROUGH 5</u> TO
<u>EXHIBIT A</u> TO THE OBJECTION:**

The TSC Debtors provide you with this notice of objection to claim(s) pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer-identification number, are: (a) TerreStar Corporation [6127] and TerreStar Holdings Inc. [0778] (collectively, the "***February Debtors***"); (b) TerreStar New York Inc. [6394]; Motient Communications Inc. [3833]; Motient Holdings Inc. [6634]; Motient License Inc. [2431]; Motient Services Inc. [5106]; Motient Ventures Holding Inc. [6191]; and MVH Holdings Inc. [9756] (collectively, the "***Other TSC Debtors***" and, collectively with the February Debtors, the ***TSC Debtors***").

You have filed one or more proofs of claim (each, a "*Claim*") in the TSC Debtors' chapter 11 cases to which the TSC Debtors have filed an objection (the "*Objection*"). **Your Claim (a "*Disputed Claim*") will be affected as a result of the Objection. Therefore, you should read this notice and the enclosed Objection carefully.**

The TSC Debtors' representatives will be available to discuss and potentially resolve the Objection to your Disputed Claim without the need for you to file a response or attend a hearing. Factual inquiries regarding the Objection and your Disputed Claim may be directed to the TerreStar Corporation Restructuring Hotline at (888) 872-9182 within 14 calendar days after the date on which this notice was served. Legal matters, however, will be referred to the TSC Debtors' attorneys. When you contact the hotline, please have your proof(s) of claim available. Your discussions with the TSC Debtors' personnel or the TSC Debtors' attorneys may result in an agreement to settle the Objection. If you do not reach an agreement with the TSC Debtors before October 6, 2011 at 5:00 p.m. (prevailing Eastern Time) (the "*Response Deadline*"), you must file a response in compliance with the procedures set forth below. **Speaking with the TSC Debtors' personnel or the TSC Debtors' attorneys will not satisfy the requirement that you must reach an agreement before the Response Deadline or file a response and attend the hearing on the Objection, as discussed below.**

If you disagree with the Objection and are unable or unwilling to consensually resolve the objection to your claim with the TSC Debtors before October 6, 2011 at 5:00 p.m. (prevailing Eastern Time), you or your attorney must (i) file a response (the "*Response*") to the Objection with the Clerk of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York  10004-1408 **no later than the Response Deadline**, (ii) serve the Response on (a) TerreStar Corporation, 12010

101111606

Sunset Hills Road, 6th Flr., Reston, Virginia 20190, Attn: Doug Brandon, Esq.; (b) counsel to the

TSC Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York

10036, Attn: Ira S. Dizengoff, Esq. and Arik Preis, Esq., and 1700 Pacific Ave., Suite 4100,

Dallas, Texas 75201, Attn: Sarah Link Schultz, Esq.; (c) the Office of the United States Trustee

for the Southern District of New York; (d) Otterbourg, Steindler, Houston & Rosen, P.C., as

counsel to the statutory committee of unsecured creditors appointed in the Other TSC Debtors'

chapter 11 cases; (e) the entities listed on the TSC Debtors' Consolidated List of Creditors

Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d);

(f) NexBank, SSB as agent for the lenders under the Bridge Loan Agreement and as agent for the

TSC Debtors' post-petition debtor-in-possession financing; (g) Weil, Gotshal & Manges LLP as

counsel to Harbinger Capital Partners LLC and certain of its managed and affiliated funds;

(h) Wachtell, Lipton, Rosen & Katz as counsel to Highland Capital Management, L.P. and certain

of its managed and affiliated funds; (i) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to

Solus Alternative Asset Management LP and as counsel to the agent for the TSC Debtors' post-

petition debtor-in-possession financing; (j) the Internal Revenue Service; (k) the Securities and

Exchange Commission; (l) the United States Attorney for the Southern District of New York;

(m) the Federal Communications Commission; and (n) parties in interest who have filed a notice

of appearance in these cases pursuant to Bankruptcy Rule 2002.

Your Response, if any, to the Objection must:  (i) be in writing; (ii) conform to the

Bankruptcy Rules, the Local Rules of the Bankruptcy Court and the Bankruptcy Court's *Order

Pursuant to Sections 105(a) and (d) of the Bankruptcy Code and Bankruptcy Rules 1015(c),

2002(m) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No.

12] (the "***Case Management Order***"); (iii) be filed with the Bankruptcy Court either

101111606

(a) electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, or (b) on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at http://www.nysb.uscourts.gov); and (iv) shall be served in accordance with General Order M-399.

**A hearing (the "*Hearing*") to consider the Objection shall be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the Courthouse, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on October 13, 2011 at 10:00 a.m. (prevailing Eastern Time).**

If you or your designated attorney or representative do not timely file and serve a Response in accordance with the above-referenced procedures and attend the Hearing (in the absence of an agreement between you and the TSC Debtors providing otherwise), the Bankruptcy Court may enter an order granting the relief requested in the Objection.  If you or your designated attorney or representative do file a Response and attend the Hearing, the matter will be resolved during the Hearing.  Only those Responses made in accordance with the above-referenced requirements and timely filed and received by the Bankruptcy Court and the TSC Debtors' attorneys will be considered by the Bankruptcy Court at the Hearing.  **If you fail to respond in accordance with this notice, the Bankruptcy Court may grant the relief requested in the Objection without further notice or hearing.**

Nothing in this notice or the accompanying Objection constitutes a waiver of any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions or

101111606

any other bankruptcy claims against you.  All parties reserve the right to assert additional objections to your proof(s) of claim.

If you would like to obtain a copy of the Objection or any other pleadings filed in these chapter 11 cases, you should contact The Garden City Group, Inc., the claims agent retained by the TSC Debtors in these chapter 11 cases, by:  (a) calling the TSC Debtors' restructuring hotline at (888) 872-9182; (b) visiting the TSC Debtors' restructuring website at www.TerreStarCorpRestructuring.com; or (c) writing to TerreStar Corporation, c/o The Garden City Group, Inc. P.O. Pox 9680, Dublin, Ohio  43017-4980.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee at the Bankruptcy Court's website at http://www.nysb.uscourts.gov for registered users of the Public Access to Court Electronic Records (PACER) System.

New York, New York
Dated: September 6, 2011

*/s/ Ira S. Dizengoff*
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis

1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
(214) 969-3800 (Telephone)
(214) 969-4343 (Facsimile)
Sarah Link Schultz

*Counsel to the TSC Debtors*

101111606

## TABLE OF CONTENTS

**Page**

I.      Jurisdiction ..................................................................................................................3

II.     Background ...................................................................................................................3

    A.      The TSC Debtors' Chapter 11 Cases .....................................................................3

    B.      Establishing the Bar Date..................................................................................5

    C.      The First Omnibus Objection to Claims ................................................................5

III.    OBJECTION ................................................................................................................6

    A.      Amended and Superseded Claims ........................................................................6

    B.      Noncompliant Claims ......................................................................................6

    C.      Fully Satisfied Claims......................................................................................7

    D.      Partially Satisfied Claim ..................................................................................8

    E.      Improper Amount Claim ..................................................................................8

IV.     Relief Requested ..........................................................................................................9

V.      Supporting Authority ...................................................................................................9

VI.     Reservation of Rights..................................................................................................11

VII.    Motion Practice ..........................................................................................................12

VIII.   Notice ..........................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

CASES

*In re Rockefeller Ctr. Props.*,
  272 B.R. 524 (Bankr. S.D.N.Y. 2000) ..................................................................8

*In re St. Johnsbury Trucking Co.*,
  206 B.R. 318 ..........................................................................................................8

*In re TerreStar Corporation, et al.*,
  Case No. 11-10612 (SHL) .....................................................................................4

*In re TerreStar Networks Inc., et al.*,
  Case No. 10-15446 (SHL) .....................................................................................4

*Sherman v. Novak* (*In re Reilly*),
  245 B.R. 768 (2d Cir. BAP 2000) ........................................................................8

STATUTES

11 U.S.C. § 101(5) ......................................................................................................6

11 U.S.C. § 101(27) ....................................................................................................5

11 U.S.C. § 105(a) ......................................................................................................3

11 U.S.C. § 502 ...........................................................................................................8

11 U.S.C. § 502(a) ......................................................................................................8

11 U.S.C. § 502(b) ...................................................................................................3, 8

11 U.S.C. § 1107(a) ....................................................................................................3

11 U.S.C. § 1108 .........................................................................................................3

28 U.S.C. § 157 ...........................................................................................................3

28 U.S.C. § 157(b)(2) .................................................................................................3

28 U.S.C. § 1334 .........................................................................................................3

28 U.S.C. § 1408 .........................................................................................................3

28 U.S.C. § 1409 .........................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 1007-2.................................................................................................4

Fed. R. Bankr. P. 1007(d) ............................................................................................11

Fed. R. Bankr. P. 2002 .................................................................................................11

Fed. R. Bankr. P. 3001 ...................................................................................................6

Fed. R. Bankr. P. 3007 ...............................................................................2, 3, 8, 9, 10

Fed. R. Bankr. P. 3007(d) ..............................................................................................9

Fed. R. Bankr. P. 3007(e) ..............................................................................................9

Local Bankruptcy Rule 9013-1(a) ...............................................................................11

2

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis

1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)
Sarah Link Schultz

*Counsel to the TSC Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR CORPORATION, *et al.*,[1] | ) | Case No. 11-10612 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**TSC DEBTORS' SECOND OMNIBUS OBJECTION TO CERTAIN PROOFS**
**OF CLAIM (AMENDED AND SUPERSEDED, NONCOMPLIANT, FULLY**
**SATISFIED, PARTIALLY SATISFIED AND IMPROPER AMOUNT)**

> **THIS OBJECTION SEEKS TO DISALLOW AND**
> **EXPUNGE OR REDUCE CERTAIN FILED**
> **PROOFS OF CLAIM.  CLAIMANTS RECEIVING**
> **THIS OBJECTION SHOULD LOCATE THEIR**
> **NAMES AND CLAIMS ON**
> **SCHEDULES 1 THROUGH 5 TO EXHIBIT A**
> **OF THIS OBJECTION.**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer-identification number, are: (a) TerreStar Corporation [6127] and TerreStar Holdings Inc. [0778] (collectively, the "***February Debtors***"); (b) TerreStar New York Inc. [6394]; Motient Communications Inc. [3833]; Motient Holdings Inc. [6634]; Motient License Inc. [2431]; Motient Services Inc. [5106]; Motient Ventures Holding Inc. [6191]; and MVH Holdings Inc. [9756] (collectively, the "***Other TSC Debtors***" and, collectively with the February Debtors, the ***TSC Debtors***").

The TSC Debtors object (the "***Objection***") to certain proofs of claim as follows:

(a)     certain proofs of claim that have been amended and superseded as listed on <u>Schedule 1</u> to <u>Exhibit A</u> annexed hereto (the "***Amended and Superseded Claims***");

(b)     certain proofs of claim that are not in compliance with the Bankruptcy Code and/or the Bar Date Order (each as defined below) as listed on <u>Schedule 2</u> to <u>Exhibit A</u> annexed hereto (the "***Noncompliant Claims***");

(c)     certain proofs of claim that have already been fully satisfied as listed on <u>Schedule 3</u> to <u>Exhibit A</u> annexed hereto (the "***Fully Satisfied Claims***");

(d)     a certain proof of claim that has already been partially satisfied as listed on <u>Schedule 4</u> to <u>Exhibit A</u> annexed hereto (the "***Partially Satisfied Claim***"); and

(e)     a certain proof of claim that was filed in an improper amount based on the TSC Debtors' review of their books and records with respect to the creditor at issue as listed on <u>Schedule 5</u> to <u>Exhibit A</u> annexed hereto (the "***Improper Amount Claim***" and, together with each of the foregoing categories of claims, the "***Disputed Claims***").

1.     The TSC Debtors seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to section 502(b) of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), (a) disallowing and expunging the Disputed Claims found on <u>Schedules 1, 2 and 3</u> from the TSC Debtors' claims register, (b) reducing the Disputed Claim identified on <u>Schedule 4</u> to <u>Exhibit A</u> by the amount that has already been paid by the TSC Debtors as identified on <u>Schedule 4</u> and

2

(c) reducing the Disputed Claim identified on <u>Schedule 5</u> to <u>Exhibit A</u> and allowing such Disputed Claim in the amount reflected in the TSC Debtors' books and records, as identified on <u>Schedule 5</u>. In support of this Objection, the TSC Debtors respectfully state as follows:

## I.    <u>JURISDICTION</u>

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are Bankruptcy Code sections 105(a) and 502(b) and Bankruptcy Rule 3007.

## II.    <u>BACKGROUND</u>

**A.    The TSC Debtors' Chapter 11 Cases**

5.      On October 19, 2010 (the "*October Petition Date*") and February 16, 2011 (the "*Petition Date*"), the Other TSC Debtors[2] and the February Debtors, respectively, filed petitions with this Court under chapter 11 of the Bankruptcy Code. The TSC Debtors are operating their business and managing their property as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6.      On October 29, 2010, the United States Trustee for the Southern District of New York (the "*U.S. Trustee*") appointed an official committee of unsecured creditors (the "*TSN Committee*") of the October Debtors. No statutory committees have been appointed or designated in the February Debtors' cases. Only one member of the TSN Committee, Van Vlissingen and Company, holds a claim against the TSC Debtors.

---

[2] Also on the October Petition Date, TerreStar Networks Inc. ("*TSN*") and certain of its affiliated debtors (collectively, the "*TSN Debtors*," and together with the Other TSC Debtors, the "*October Debtors*") each filed a petition with this Court under chapter 11 of the Bankruptcy Code.

101111606

7.      A detailed description of the TSC Debtors' business and the reasons for filing these chapter 11 cases are set forth in the *Declaration of Jeffrey W. Epstein Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Pleadings* (the "***First Day Declaration***"), which was filed contemporaneously with the February Debtors' voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

8.      On October 20, 2010, the Court entered an order providing for the joint administration of the Other TSC Debtors' cases with the other October Debtors' cases for procedural purposes styled as *In re TerreStar Networks Inc., et al.*, Case No. 10-15446 (SHL). Contemporaneously with the filing of the petitions for the February Debtors, the Other TSC Debtors requested that their cases be de-consolidated from the cases of the October Debtors, and the TSC Debtors sought procedural consolidation and joint administration of the chapter 11 cases of the Other TSC Debtors and the February Debtors under the case of TSC.  On February 23, 2011, the Court entered orders amending joint administration of the October Debtors' chapter 11 cases and providing for the joint administration of the TSC Debtors' cases for procedural purposes, styled as *In re TerreStar Corporation, et al.*, Case No. 11-10612 (SHL).

9.      On July 22, 2011, the TSC Debtors filed the *Joint Chapter 11 Plan of TerreStar Corporation, Motient Communications Inc., Motient Holdings Inc., Motient License Inc., Motient Services Inc., Motient Ventures Holding Inc., MVH Holdings Inc., TerreStar Holdings Inc. and TerreStar New York Inc.* [Docket No. 141] (the "***Plan***").  On August 3, 2011, the TSC Debtors filed the *Disclosure Statement for the Joint Chapter 11 Plan of TerreStar Corporation, Motient Communications Inc., Motient Holdings Inc., Motient License Inc., Motient Services Inc., Motient Ventures Holding Inc., MVH Holdings Inc., TerreStar Holdings Inc. and TerreStar*

*New York Inc.* [Docket No. 149] (the "*Disclosure Statement*"). A hearing on the Disclosure Statement is scheduled for September 19, 2011.

**B.      Establishing the Bar Date**

10.      On November 8, 2010 and March 2, 2011, respectively, the Other TSC Debtors and the February Debtors filed their schedules of assets and liabilities and statements of financial affairs (collectively, the "*SOFAs and Schedules*"). By order dated November 8, 2010 (the "*October Bar Date Order*"), the Court established December 10, 2010[3] (the "*December Bar Date*") as the deadline by which any person or entity asserting a claim against any of the Other TSC Debtors was required to file written proof of such claim. On April 6, 2011, the Court entered an order (the "*February Bar Date Order*" and together with the October Bar Date Order, the "*Bar Date Orders*") establishing May 13, 2011[4] (the "*May Bar Date*" and together with the December Bar Date, the "*Bar Dates*") as the deadline by which each person or entity asserting a claim against any of the February Debtors was required to file written proof of such claim.

11.      As of the date hereof, approximately 164 proofs of claim have been filed against the TSC Debtors on an aggregate basis, totaling more than $925 million in asserted liabilities. Many of these proofs of claim are Disputed Claims.

**C.      The First Omnibus Objection to Claims**

12.      On July 22, 2011, the TSC Debtors filed the *TSC Debtors' First Omnibus Objection to Certain Proofs of Claim (Equity Interests)* [Docket No. 142], pursuant to which the TSC Debtors sought entry of an order disallowing and expunging from the TSC Debtors' claims register certain proofs of claim that were asserted on account of equity interests in the TSC

---

[3] For governmental units (as such term is defined in Bankruptcy Code section 101(27)), the applicable bar date was April 18, 2011.

[4] For governmental units (as such term is defined in Bankruptcy Code section 101(27)), the applicable bar date was August 15, 2011.

101111606

Debtors, and thus did not constitute proper "claims" as such term is defined in Bankruptcy Code section 101(5). On August 26, 2011, the Court entered the *Order Granting the TSC Debtors' First Omnibus Objection to Certain Proofs of Claim (Equity Interests)* [Docket No. 176].

### III.    OBJECTION

#### A.    Amended and Superseded Claims

13.    The TSC Debtors hereby object to the Disputed Claims identified as Amended and Superseded Claims on Schedule 1 to Exhibit A attached hereto. The TSC Debtors have reviewed the Amended and Superseded Claims and have determined that they have been amended and superseded by another proof of claim as identified on Schedule 1 under the heading of "*Surviving Claims*." The TSC Debtors object to the allowance of each Amended and Superseded Claim because it would provide double recovery from the TSC Debtors on account of the same claim. Accordingly, the TSC Debtors request that the Amended and Superseded Claims be disallowed and expunged from the TSC Debtors' claims register. For the avoidance of doubt, holders of claims identified as Amended and Superseded Claims on Schedule 1 will still have a pending proof of claim against the TSC Debtors as listed on Schedule 1 under the heading "Surviving Claims."[5]

#### B.    Noncompliant Claims

14.    The TSC Debtors hereby object to the Disputed Claims identified as Noncompliant Claims on Schedule 2 to Exhibit A attached hereto. The TSC Debtors have reviewed the Noncompliant Claims and have determined that each such proof of claim is defective on its face because it (a) lacks sufficient supporting documentation or (b) was late-filed, as indicated on Schedule 2. The TSC Debtors object to each such Noncompliant Claim on

---

[5] All parties, including the TSC Debtors, reserve all rights to further object to the Surviving Claims at a later time on any basis whatsoever.

101111606

the basis that it is defective pursuant to Bankruptcy Rule 3001, Bankruptcy Rule 3003 and/or the Bar Date Orders. Accordingly, the TSC Debtors request that each such Noncompliant Claim be disallowed and expunged from the TSC Debtors' claims register and that the creditors filing such Noncompliant Claims will have no remaining claims against the TSC Debtors as a result of the disallowance of their proofs of claim.

15.     To the extent that the holders of Noncompliant Claims listed on Schedule 2 as including insufficient supporting documentation would like to submit additional documentation to the TSC Debtors in support of their claim, they may do so by submitting such additional documentation directly to counsel for the TSC Debtors, Akin Gump Strauss Hauer & Feld LLP, at (a) One Bryant Park, New York, New York 10036, Attn:  Ira S. Dizengoff, Esq. and Arik Preis, Esq. and (b) 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201, Attn:  Sarah Link Schultz, Esq. so that it is actually received no later than **October 6, 2011** at 5:00 p.m. (ET).  If such additional documentation is timely received by the TSC Debtors, the TSC Debtors will agree to adjourn the hearing on the objection as to such Noncompliant Claims until the next scheduled omnibus hearing.

**C.     Fully Satisfied Claims**

16.     The TSC Debtors hereby object to the Disputed Claims identified as Fully Satisfied Claims on Schedule 3 to Exhibit A attached hereto.  The TSC Debtors have reviewed the Fully Satisfied Claims and have determined that, as of the date hereof, such claims have already been satisfied by the TSC Debtors.  The TSC Debtors object to the Fully Satisfied Claims on the basis that a claimant should not be entitled to recovery for a claim that has previously been satisfied.  Accordingly, the TSC Debtors request that each Fully Satisfied Claim be disallowed and expunged from the TSC Debtors' claims register and that the creditors filing

such Fully Satisfied Claims will have no remaining claims against the TSC Debtors as a result of the disallowance of their proofs of claim.

## D.    Partially Satisfied Claim

17.    The TSC Debtors hereby object to the Disputed Claim identified as a Partially Satisfied Claim on Schedule 4 to Exhibit A attached hereto.  The TSC Debtors have reviewed the Partially Satisfied Claim and have determined that such claim has been paid in part either pre-petition or post-petition in the ordinary course of the TSC Debtors' business.  Accordingly, the TSC Debtors request that the Court reduce the Partially Satisfied Claim by the amount already paid by the TSC Debtors as reflected on Schedule 4.  For the avoidance of doubt, the holder of the Partially Satisfied Claim identified on Schedule 4 will still have a pending proof of claim against the TSC Debtors as listed on Schedule 4 under the heading "Amount Remaining."[6]

## E.    Improper Amount Claim

18.    The TSC Debtors hereby object to the Disputed Claim identified as an Improper Amount Claim on Schedule 5 to Exhibit A attached hereto.  The TSC Debtors have reviewed the Improper Amount Claim and have determined that such claim was filed in an improper amount based on the TSC Debtors' review of their books and records with respect to the creditor at issue.  Accordingly, the TSC Debtors request that the Court reduce the Improper Amount Claim and allow such claim in the amount reflected in the TSC Debtors' books and records as reflected on Schedule 5 under the heading of "Surviving Claim Amount."  The TSC Debtors have spoken with the holder of the Improper Amount Claim and, upon information and belief, such holders has no objection to the reduction of their claim as set forth herein.

---

[6] All parties, including the TSC Debtors, reserve all rights to further object to such Amount Remaining at a later time on any basis whatsoever.

8

## IV.    <u>RELIEF REQUESTED</u>

19.    By this Objection and pursuant to Bankruptcy Code section 502 and Bankruptcy Rule 3007, the TSC Debtors request that the Court enter an order (a) disallowing and expunging the Disputed Claims found on <u>Schedules 1, 2 and 3</u> from the TSC Debtors' claims register, (b) reducing the Disputed Claim identified on <u>Schedule 4</u> to <u>Exhibit A</u> by the amount that has already been paid by the TSC Debtors as indicated on <u>Schedule 4</u> and (c) reducing the Disputed Claim identified on <u>Schedule 5</u> to <u>Exhibit A</u> and allowing such Disputed Claim in the amount reflected in the TSC Debtors' books and records, as identified on <u>Schedule 5</u>.

## V.    <u>SUPPORTING AUTHORITY</u>

20.    A filed proof of claim is deemed allowed unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a); *see also id.* § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated."). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate validity of the claim. *See, e.g., Sherman v. Novak* (*In re Reilly*), 245 B.R. 768, 773 (2d Cir. BAP 2000); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000); *In re St. Johnsbury Trucking Co.*, 206 B.R. 318. 323 (Bankr. S.D.N.Y. 1997).

21.    Bankruptcy Rule 3007 expressly permits omnibus claim objections when the grounds for the objections are that the claims should be disallowed, in whole or in part, because:

> (1) they duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; or (7) they are interests, rather than

9

claims; or (8) they assert priority in an amount that exceeds the
maximum amount under § 507 of the Code.

Fed. R. Bankr. P. 3007(d).

22.    To provide claimants affected by omnibus objections with adequate notice

thereof, Bankruptcy Rule 3007 requires that omnibus objections:

> (1) state in a conspicuous place that claimants receiving the
> objection should locate their names and claims in the objection;
> (2) list claimants alphabetically, provide a crossreference to claim
> numbers, and, if appropriate, list claimants by category of claims;
> (3) state the grounds of the objection to each claim and provide a
> cross-reference to the pages in the omnibus objection pertinent to
> the stated grounds; (4) state in the title the identity of the objector
> and the grounds for the objections; (5) be numbered consecutively
> with other omnibus objections filed by the same objector; and
> (6) contain objections to no more than 100 claims.

Fed. R. Bankr. P. 3007(e).

23.    Following a thorough review of the proofs of claim filed to date, the TSC Debtors

have determined that the Disputed Claims identified on Schedules 1, 2 and 3 to Exhibit A should

not be enforced against the TSC Debtors and, thus, those Disputed Claims should be disallowed

and expunged in their entirety.   The TSC Debtors have further determined that the Disputed

Claim identified on Schedule 4 to Exhibit A has been paid in part and should be reduced by the

amount already paid by the TSC Debtors, as indicated on Schedule 4.   Additionally, the TSC

Debtors have determined that the Disputed Claim identified on Schedule 5 to Exhibit A has been

filed in an improper amount based on the TSC Debtors' review of their books and records and

should be reduced and allowed in the amount reflected in the TSC Debtors' books and records,

as indicated on Schedule 5.

24.    The TSC Debtors submit that this Objection meets or exceeds the procedural

requirements under Bankruptcy Rule 3007(e).   The recent changes to Bankruptcy Rule 3007,

which limited the number and nature of claims that could be included in an omnibus objection,

101111606

were intended to ensure each claimant's due process rights by preventing the claimant from being forced to search an otherwise cumbersome omnibus objection for its name or claim. Indeed, the clear purpose of Bankruptcy Rule 3007 is to ensure greater transparency to creditors than is often the case in an omnibus claims objection process. This Objection has been served on each affected creditor, and clearly identifies the claims filed by that claimant that are subject to the Objection and the grounds and response deadline therefor. Specifically, the Objection explicitly states: (a) the name of the claimant asserting the Disputed Claim; (b) the claim number from the claims register or other information identifying the Disputed Claim; and (c) the name of the TSC Debtor entity against which the Disputed Claim is asserted. Additionally, the notice accompanying this Objection: (a) states the basis of the Objection; (b) identifies a response date and response procedures; (c) identifies the hearing date and related procedures; and (d) describes how proofs of claim, the SOFAs and Schedules and other pleadings in the TSC Debtors' cases may be obtained from the TSC Debtors' claims agent or its website. The TSC Debtors believe that such notice satisfies the due process concerns that led to the change in Bankruptcy Rule 3007 limiting omnibus objections to claims.

25.    For the reasons stated above, the TSC Debtors object to the allowance of the Disputed Claims as set forth herein and the TSC Debtors respectfully request this Court enter an order disallowing and expunging or reducing the Disputed Claims, as appropriate.

## VI.    RESERVATION OF RIGHTS

26.    This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the TSC Debtors or any other party in interest to object to any of the Disputed Claims on any ground whatsoever, and the TSC Debtors expressly reserve all further substantive and/or procedural objections they may have to the Disputed Claims.

101111606

## VII.   <u>MOTION PRACTICE</u>

27.    This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Objection.  Accordingly, the TSC Debtors submit that this Objection satisfies Rule 9013-1(a) of the Local Rules of Bankruptcy Practice and Procedure for the Southern District of New York.

## VIII.   <u>NOTICE</u>

28.    The TSC Debtors have provided notice of this Objection to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) Otterbourg, Steindler, Houston & Rosen, P.C., as counsel to the statutory committee of unsecured creditors appointed in the October Debtors' chapter 11 cases; (c) the entities listed on the TSC Debtors' Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (d) NexBank, SSB as agent for the lenders under the Bridge Loan Agreement and as agent for the TSC Debtors' post-petition debtor-in-possession financing; (e) Weil, Gotshal & Manges LLP as counsel to Harbinger Capital Partners LLC and certain of its managed and affiliated funds; (f) Wachtell, Lipton, Rosen & Katz as counsel to Highland Capital Management, L.P. and certain of its managed and affiliated funds; (g) Quinn Emanuel Urquhart & Sullivan, LLP as counsel to Solus Alternative Asset Management LP and as counsel to the agent for the TSC Debtors' post-petition debtor-in-possession financing; (h) the Internal Revenue Service; (i) the Securities and Exchange Commission; (j) the United States Attorney for the Southern District of New York; (k) the Federal Communications Commission; and (l) parties in interest who have filed a notice of appearance in these cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the TSC Debtors respectfully submit that no further notice is necessary.

101111606

WHEREFORE, for the reasons set forth herein, the TSC Debtors respectfully request that the Court enter an order (a) disallowing and expunging the Disputed Claims found on Schedules 1, 2 and 3 from the TSC Debtors' claims register, (b) reducing the Disputed Claim identified on Schedule 4 to Exhibit A by the amount that has already been paid by the TSC Debtors, (c) reducing the Disputed Claim identified on Schedule 5 to Exhibit A and allowing such Disputed Claim in the amount reflected in the TSC Debtors' books and records and (d) granting such other and further relief as is just and proper.

New York, New York
Dated: September 6, 2011

/s/ Ira S. Dizengoff
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Ira S. Dizengoff
Arik Preis

1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)
Sarah Link Schultz

*Counsel to the TSC Debtors*

13

101111606

# EXHIBIT A

**Proposed Order**

101111606

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TERRESTAR CORPORATION, *et al.*,[1] | ) | Case No. 11-10612 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE TSC DEBTORS' SECOND OMNIBUS OBJECTION TO
CERTAIN PROOFS OF CLAIM (AMENDED AND SUPERSEDED, NONCOMPLIANT,
FULLY SATISFIED, PARTIALLY SATISFIED AND IMPROPER AMOUNT)**

Upon the *TSC Debtors' Second Omnibus Objection to Certain Proofs of Claim (Amended and Superseded, Noncompliant, Fully Satisfied, Partially Satisfied and Improper Amount)* (the "***Objection***")[2] requesting entry of an order (a) disallowing and expunging the Disputed Claims listed on Schedules 1, 2 and 3 attached hereto, (b) reducing the Disputed Claim listed on Schedule 4 attached hereto as indicated on Schedule 4 and (c) reducing the Disputed Claim listed on Schedule 5 attached hereto and allowing such claim in the amount indicated on Schedule 5 pursuant to Bankruptcy Code sections 105(a) and 502(b) and Bankruptcy Rule 3007; and the Court having determined that the Court has jurisdiction over the subject matter of the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal taxpayer-identification number, are: (a) TerreStar Corporation [6127] and TerreStar Holdings Inc. [0778] (collectively, the "***February Debtors***") and (b) TerreStar New York Inc. [6394]; Motient Communications Inc. [3833]; Motient Holdings Inc. [6634]; Motient License Inc. [2431]; Motient Services Inc. [5106]; Motient Ventures Holding Inc. [6191]; and MVH Holdings Inc. [9756] (collectively, the "***Other TSC Debtors***" and together with the February Debtors, the "***TSC Debtors***").

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

and it appearing that no other or further notice need be provided; and the Court having

determined that the relief requested in the Objection is in the best interests of the TSC Debtors,

their estates and creditors and all other parties in interest; and upon the arguments and testimony

presented at the hearing before the Court, and any responses to the Objection having been

withdrawn, resolved or overruled on the merits; and after due deliberation and sufficient cause

appearing therefor, it is **HEREBY ORDERED** that:

1.      The Objection is granted to the extent set forth herein.

2.      The Disputed Claims listed on Schedules 1, 2 and 3 attached hereto are hereby

disallowed and expunged in their entirety pursuant to Bankruptcy Code section 502(b).

3.      The Disputed Claim listed on Schedule 4 attached hereto is hereby reduced by the

amount already paid by the TSC Debtors as set forth on Schedule 4 pursuant to Bankruptcy Code

section 502(b).

4.      The Disputed Claim listed on Schedule 5 attached hereto is hereby reduced and

allowed in the amount reflected in the TSC Debtors' books and records as set forth on Schedule 5

pursuant to Bankruptcy Code section 502(b).

5.      The Surviving Claims identified on Schedule 1 and claims in the Amount

Remaining as listed on Schedule 4 and the Surviving Claim Amount as listed on Schedule 5 will

remain on the TSC Debtors' claims register, and such claims are neither allowed nor disallowed

at this time and remain subject to any future objection on any basis.

6.      The terms and conditions of this Order shall be immediately effective and

enforceable upon entry of the Order.

7.      The TSC Debtors are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order and in accordance with the Objection.

2

101111606

8.      This Court shall retain jurisdiction with respect to all matters arising from or

relating to the implementation of this order.


Date: _____, 2011                    _____
New York, New York                            United States Bankruptcy Judge

In re TerreStar Corporation, *et al.*

Schedule 1 - Amended & Superseded Claims

Note: Claimants are listed alphabetically by last name or by entity name.

| CLAIMS TO BE EXPUNGED | | | | | | SURVIVING CLAIMS | | | | | | CATEGORY | OBJECTION PAGE # REFERENCE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CLAIMED DEBTOR | CASE NUMBER | CLAIM NUMBER | CLAIM AMOUNT | NAME | DATE FILED | CLAIMED DEBTOR | CASE NUMBER | CLAIM NUMBER | CLAIM AMOUNT | | |
| NYS DEPARTMENT OF TAXATION AND FINANCE BANKRUPTCY SECTION PO BOX 5300 ALBANY, NY 12205 | 10/28/10 | Motient Communications Inc. | 10-15452 | 1 | $320.51 | NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE BANKRUPTCY SECTION PO BOX 5300 ALBANY, NY 12205 | 07/13/11 | Motient Communications Inc. | 10-15452 | 163 | $3,753.58 | Taxes - Income/Franchise | |
| NYS DEPARTMENT OF TAXATION AND FINANCE BANKRUPTCY SECTION PO BOX 5300 ALBANY, NY 12205 | 03/18/11 | Motient Communications Inc. | 10-15452 | 24 | $2,753.58 | NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE BANKRUPTCY SECTION PO BOX 5300 ALBANY, NY 12205 | 07/13/11 | Motient Communications Inc. | 10-15452 | 163 | $3,753.58 | Taxes - Income/Franchise | |
| TERM LOAN LENDERS C/O NEXBANK SSB ATTN: JEFF SCOTT 13455 NOEL ROAD, 22ND FLOOR DALLAS, TX 75240 | 05/12/11 | TerreStar Corporation | 11-10612 | 109 | $4,308,262.98 | NEXBANK SSB AS ADMINISTRATIVE AGENT FOR THE TERM LOAN LENDERS ATTN: JEFF SCOTT 13455 NOEL ROAD, 22ND FLOOR DALLAS, TX 75240 | 05/13/11 | TerreStar Corporation | 11-10612 | 127 | $4,334,055.85 | Bridge Loan Agreement | |
| TERM LOAN LENDERS C/O NEXBANK SSB ATTN: JEFF SCOTT 13455 NOEL ROAD, 22ND FLOOR DALLAS, TX 75240 | 05/12/11 | TerreStar Holdings Inc. | 11-10613 | 110 | $4,308,262.98 | NEXBANK SSB AS ADMINISTRATIVE AGENT FOR THE TERM LOAN LENDERS ATTN: JEFF SCOTT 13455 NOEL ROAD, 22ND FLOOR DALLAS, TX 75240 | 05/13/11 | TerreStar Holdings Inc. | 11-10613 | 126 | $4,334,055.85 | Bridge Loan Agreement | |
| VAN VLISSINGEN AND CO., AS AGENT ATTN: JOHN NAWROCKI ONE OVERLOOK POINT, SUITE 100 LINCOLNSHIRE, IL 60069 | 11/24/10 | Motient Communications Inc. | 10-15452 | 3 | $1,332,360.22 | VAN VLISSINGEN AND CO ATTN JOHN NAWROCKI ONE OVERLOOK POINT, SUITE 100 LINCOLNSHIRE, IL 60069 | 12/09/10 | Motient Communications Inc. | 10-15452 | 17 | $1,602,336.48 | General Trade Payable | |

Total: $9,951,960.27          Total: $10,277,955.34

# In re TerreStar Corporation, *et al.*
## Schedule 2 - Not in Compliance with Applicable Rules

Note: Claimants are listed alphabetically by last name or by entity name.

| NAME | DATE FILED | CLAIMED DEBTOR | CASE NUMBER | CLAIM NUMBER | CLAIM AMOUNT | CATEGORY | REASON FOR DISALLOWANCE | OBJECTION PAGE # REFERENCE |
|---|---|---|---|---|---|---|---|---|
| BALJIT RAI<br>5050 W LAREDO ST<br>CHANDLER, AZ 85226 | 04/21/11 | TerreStar Corporation | 11-10612 | 33 | $37,000.00 | Other | Insufficient supporting documentation, see Bar Date Order at paragraph 11(c) | |
| CHAD D CHRISTENSEN<br>4743 PIERCE LN<br>PACE, FL 32571 | 05/07/11 | TerreStar Corporation | 11-10612 | 89 | $158.40 | Other | Insufficient supporting documentation, see Bar Date Order at paragraph 11(c) | |
| MICHAEL R STROOZAS<br>1217 NAMEKAGON LOOP<br>HUDSON, WI 54016 | 04/23/11 | TerreStar Corporation | 11-10612 | 41 | Unliquidated | Other | Insufficient supporting documentation, see Bar Date Order at paragraph 11(c); No claim amount stated, see Bar Date Order at paragraph 11(a) | |
| MR ROBERT J SUTTON<br>19932 PACIFIC CREST HWY<br>MALIBU, CA 90265 | 05/28/11 | TerreStar Corporation | 11-10612 | 158 | $6,671.00 | Other | Insufficient supporting documentation, see Bar Date Order at paragraph 11(c); Late filed, see Bar Date Order at paragraph 11(d) | |
| PAUL TRUONG<br>2N226 GLEN ELLYN RD<br>GLENDALE HEIGHTS, IL 60139 | 04/28/11 | TerreStar Corporation | 11-10612 | 64 | $810.00 | Other | Insufficient supporting documentation, see Bar Date Order at paragraph 11(c) | |
| TOM TRUONG<br>2N226 GLEN ELLYN RD<br>GLENDALE HEIGHTS, IL 60139 | 04/28/11 | TerreStar Corporation | 11-10612 | 61 | $1,285.00 | Other | Insufficient supporting documentation, see Bar Date Order at paragraph 11(c) | |

**Total:** $45,924.40

# In re TerreStar Corporation, *et al.*
## Schedule 3 - Fully Satisfied Claims

Note: Claimants are listed alphabetically by last name or by entity name.

| NAME | DATE FILED | CLAIMED DEBTOR | CASE NUMBER | CLAIM NUMBER | CLAIM AMOUNT | CATEGORY | OBJECTION PAGE # REFERENCE |
|---|---|---|---|---|---|---|---|
| FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO, CA 95812 | 11/05/10 | Motient Services Inc. | 10-15455 | 2 | $5,656.45 | Taxes - Income/Franchise | |
| FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO, CA 95812 | 12/29/10 | Motient Communications Inc. | 10-15452 | 21 | $7,577.92 | Taxing Authority | |
| INDIANA DEPARTMENT OF REVENUE<br>BANKRUPTCY SECTION, N-240<br>100 NORTH SENATE AVENUE<br>INDIANAPOLIS, IN 46204 | 01/21/11 | Motient Communications Inc. | 10-15452 | 23 | $2,512.37 | Taxing Authority | |
| KENTUCKY DEPARTMENT OF REVENUE<br>LEGAL BRANCH - BANKRUPTCY SECTION<br>ATTN LEANNE WARREN<br>PO BOX 5222<br>FRANKFORT, KY 40602 | 12/29/10 | Motient Communications Inc. | 10-15452 | 22 | $14,310.11 | Taxing Authority | |
| NEW YORK STATE DEPARTMENT OF<br>TAXATION AND FINANCE<br>BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY, NY 12205 | 07/13/11 | Motient Communications Inc. | 10-15452 | 163 | $3,753.58 | Taxes - Income/Franchise | |
| OHIO DEPARTMENT OF TAXATION<br>BANKRUPTCY DIVISION<br>C/O REBECCA DAUM<br>PO BOX 530<br>COLUMBUS, OH 43216 | 12/04/10 | Motient Communications Inc. | 10-15452 | 4 | $6,640.64 | Taxing Authority | |
| WEST VIRGINIA STATE TAX DIVISION<br>PO BOX 766<br>CHARLESTON, WV 25323 | 12/06/10 | Motient Communications Inc. | 10-15452 | 26 | $844.31 | Taxing Authority | |

**Total:** **$41,295.38**

In re TerreStar Corporation, *et al.*
## Schedule 4 - Partially Satisfied Claims

Note: Claimants are listed alphabetically by last name or by entity name.

| NAME | DATE FILED | CLAIMED DEBTOR | CASE NUMBER | CLAIM NUMBER | CLAIM AMOUNT | AMOUNT REMAINING | CATEGORY | OBJECTION PAGE # REFERENCE |
|------|-----------|----------------|-------------|--------------|--------------|------------------|----------|----------------------------|
| GOLDBERG, GODLES, WIENER & WRIGHT<br>1229 NINETEENTH STREET, NW<br>WASHINGTON, DC 20036 | 04/18/11 | TerreStar Corporation | 11-10612 | 30 | Unsecured: $10,075.81 | Unsecured: $8,836.17 | Ordinary Course Professional | |

Total:          $10,075.81

## In re TerreStar Corporation, *et al.*
## Schedule 5 - Improper Amount Claim

Note: Claimants are listed alphabetically by last name or by entity name.

| NAME | DATE FILED | CLAIMED DEBTOR | CASE NUMBER | CLAIM NUMBER | CLAIM AMOUNT | SURVIVING CLAIM AMOUNT | CATEGORY | OBJECTION PAGE # REFERENCE |
|---|---|---|---|---|---|---|---|---|
| SC DEPARTMENT OF REVENUE<br>PO BOX 12265<br>COLUMBIA, SC 29211 | 04/21/11 | TerreStar Corporation | 11-10612 | 50 | $2,432.74 | $83.87 | Taxing Authority | |
| | | | | **Total:** | **$2,432.74** | **$83.87** | | |