| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>In re:<br><br>TERRESTAR CORPORATION, *et al*.<br><br>                              Debtors.<br>------------------------------------------------------------x | **NOT FOR PUBLICATION**<br><br>Chapter 11<br><br>Case No. 11-10612 (SHL)<br><br>Jointly Administered |

### MEMORANDUM OPINION AND ORDER
### DENYING REQUEST FOR STAY PENDING APPEAL

Before the Court is the request of Aldo Ismael Perez, dated February 14, 2012 [ECF Doc. No. 386], to stay the "financial disclosure" of Terrestar Corporation ("TSC"), one of the debtors in these chapter 11 proceedings. The Court interprets the request of Mr. Perez, a TSC common stockholder, to seek a stay of this Court's *Order (A) Approving the Disclosure Statement for the Joint Chapter 11 Plan of the TSC Debtors and (B) Establishing Solicitation and Voting Procedures with Respect to the Joint Chapter 11 Plan of the TSC Debtors*, dated January 17, 2012 [ECF Doc. No. 343], until the United States District Court for the Southern District of New York considers his appeal of this Court's order denying his request to appoint an examiner in the above-captioned case. For the reasons set forth below, the Court denies the request.

### BACKGROUND

Mr. Perez's request for a stay pending appeal must be understood in the context of the various relief he has sought in this case.

I.   <u>Request for Appointment of an Equity Committee and/or Examiner</u>

The initial submission received from Mr. Perez by this Court was a *pro se* letter, dated August 2, 2011 [ECF Doc. No. 157], requesting the appointment of an "independent auditor" or a committee of equity security holders in the Debtors' cases. Several other common shareholders submitted letters requesting similar relief.

Mr. Perez subsequently sent the Court a letter, dated August 25, 2011 [ECF Doc. No. 180], raising various issues regarding the Debtors and requesting the adjournment of a hearing scheduled for August 26, 2011. The letter reiterated Mr. Perez's request for the appointment of an equity committee. As the Court did not receive this letter until after the August 26th hearing, the matters scheduled for that hearing went forward as originally planned.

The Court forwarded the request made by Mr. Perez and various other *pro se* parties for the appointment of an equity committee to the Office of the United States Trustee (the "UST") for consideration in the first instance, consistent with Section 1102(a)(1) of the Bankruptcy Code. After conducting an internal review, the UST chose not to appoint a committee of equity security holders. No motion has been filed seeking to challenge this decision of the UST.

Mr. Perez next sent a letter, dated September 13, 2011, entitled "Objection to the TSC Debtors Disclosure Statement" [ECF Doc. No. 216]. The majority of the letter related to various issues that Mr. Perez had with the Debtors, and the letter closed with a request for the appointment of an independent auditor and examiner in the case.

On September 19, 2011, the Court held an omnibus hearing to consider the *pro se* requests for the appointment of an examiner under Section 1104(c) of the Bankruptcy Code. The requests for an examiner were opposed by the Debtors [ECF Doc. No. 201], as well as a preferred shareholder of TSC [ECF Doc. No. 202]. At the hearing, Elektrobit, an unsecured creditor, also raised objections to the appointment of an examiner. Mr. Perez did not attend the hearing, either telephonically or in person. On September 21, 2011, the Court denied the requests for the appointment of an examiner at a hearing. The Court noted that any issues relating to valuation should be raised at the hearing on confirmation of the Debtors' plan of reorganization. (Hr'g Tr. 9:25-10:3, 10:22-25, Sept. 21, 2011). On September 23, 2011, the

2

Court entered an *Order Denying Requests for Appointment of an Examiner for the TSC Debtors* [ECF Doc. No. 217].

Having subsequently obtained counsel, Mr. Perez filed a motion seeking reconsideration of the order denying his motion to appoint an examiner [ECF Doc. No. 232]. The Debtors filed an opposition to the motion [ECF Doc. No. 253] and counsel to Mr. Perez subsequently filed a reply [ECF Doc. No. 264]. On November 16, 2011, a hearing was held on the motion for reconsideration and the Court denied the motion on the record. The Court first noted that Mr. Perez had failed to meet the standard for reconsideration set forth in Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. (Hr'g Tr. 65:16-66:24, Nov. 16, 2011.) But because Mr. Perez had not been in attendance at the hearing on September 19, 2011, the Court nonetheless entertained argument from Mr. Perez regarding the appointment of an examiner under Section 1104(c) of the Bankruptcy Code. After that argument, the Court again denied the request for the appointment of an examiner and noted that any issues regarding the valuation of the Debtors' assets were reserved for the hearing on confirmation of the Debtors' proposed plan of reorganization. (Hr'g Tr. 68:10-21, Nov. 16, 2011.) On November 30, 2011, the Court entered an *Order Denying Motion of Aldo I. Perez for Reconsideration of Order Denying Motion to Appoint Examiner* [ECF Doc. No. 290], which Mr. Perez subsequently appealed on a *pro se* basis. [ECF Doc. Nos. 310, 334, 335].

II. Disclosure Statement Hearing

Mr. Perez has filed several *pro se* objections to approval of the Debtors' disclosure statement [ECF Doc. Nos. 157, 207]. On January 10, 2012, the Court held a hearing on approval of the Debtors' proposed disclosure statement. Mr. Perez appeared at the hearing in person and informed the Court that he had dismissed his counsel, alleging that his then-counsel failed to

3

properly submit certain documents in connection with his motion for reconsideration. (Hr'g Tr. 37:15-38:18, Jan. 10, 2012.) The Court examined the documents in question and requested that Debtors' counsel file them on the public docket [ECF Doc. No. 331]. The Court reviewed the documents and noted that they were untimely. (Hr'g Tr. 46:9-12, Jan. 10, 2012). In any event, the Court observed that Mr. Perez's papers addressed the question of the proper valuation of the Debtors' assets, an issue more appropriately reserved for the upcoming confirmation hearing on the Debtors' plan of reorganization. (Hr'g Tr. 46:13-47:7, 48:20-49:1, Jan. 10, 2012). The Court ultimately approved the disclosure statement and adjourned the objections by Mr. Perez and other *pro se* parties until the confirmation hearing on the Debtors' plan of reorganization. (Hr'g Tr. 52:21-53:3, Jan. 10, 2012).

Subsequent to that hearing, Mr. Perez filed this request for a stay, which would delay the case – and presumably any steps towards confirmation – until after his appeal is decided.

## **DISCUSSION**

Fed. R. Bankr. P. 8005 provides, in relevant part:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

A party seeking a stay pending appeal under Rule 8005 must show that (1) it would sustain irreparable injury if a stay were denied; (2) other parties would not suffer a substantial injury if a stay were granted; (3) the public interest favors a stay; and (4) there is a substantial possibility of success on the merits of the appeal. *See Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1992); *In re Adelphia Communs. Corp.*, 333 B.R. 649, 658-59 (S.D.N.Y. 2005).

4

The moving party faces a heavy burden. *See Adelphia*, 333 B.R. at 659; *see also United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995). To obtain a stay, the party must "show satisfactory evidence on all four criteria." *In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P. 1997); *see also Adelphia*, 333 B.R. at 659. In the past, courts have held that "[f]ailure to satisfy one prong of this standard for granting a stay will doom the motion." *Turner*, 207 B.R. at 375; *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 271 (S.D.N.Y. 2004). However, recent cases have "engaged in a balancing process with respect to the four factors, as opposed to adopting a rigid rule." *In re Chemtura Corp.*, 2010 Bankr. LEXIS 3988 (Bankr. S.D.N.Y. Nov. 8, 2010). The decision of whether to grant the stay lies in the discretion of the court. *See In re Overmyer*, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985).

The Court finds that the factors weigh against granting a stay in this case. First, it is arguable that Mr. Perez, and those individuals that are similarly situated, will not be irreparably injured if a stay is denied. Mr. Perez's papers focus on issues he has repeatedly raised before this Court regarding allegations of criminal behavior by various insiders of the Debtors, the Debtors' pre-filing business plans, the failure of the Debtors to disclose assets and the Debtors' improper valuation of certain other assets. The Court has stated on numerous occasions that all parties' rights with respect to the proper valuation of the Debtors' assets are reserved for the hearing on confirmation of the Debtors' plan. At that time, Mr. Perez will receive a full and fair opportunity to present his arguments to this Court and they will be considered in the appropriate context of a confirmation hearing on the Debtors' plan of reorganization.

As to the second prong, it is clear that the Debtors would sustain a substantial injury if a stay were granted. The order approving the disclosure statement was entered on January 17, 2012. The request of Mr. Perez was not received by this Court until a month later, well into the

voting process contemplated by the disclosure statement.  The Debtors have expended substantial time and money in the solicitation process on their plan of reorganization, all of which would be wasted if the case were frozen at this juncture.

With respect to the third prong, the Court finds that public policy does not favor granting the stay.  To grant a stay at this time would effectively bring the entire case to a halt until Mr. Perez's appeal is decided.  During this time, the estate will continue to accrue administrative expenses, which will only serve to eat into the distributions ultimately received by creditors in this case.  *See In re Metiom, Inc.*, 318 B.R. at 272 (noting "the competing "public interest in the expeditious administration of bankruptcy cases [which] is impaired by obstructing a trustee's efforts to collect, liquidate and distribute assets to creditors of the estate."); *Grimes v. Genesis Health Ventures, Inc. (In re Genesis Health Ventures, Inc.)*, 280 B.R. 339, 346 (D. Del. 2002) ("Public policy weighs in favor of facilitating quick and successful reorganizations of financially troubled companies."); *McIntyre Bldg. Co. v. McIntyre Bldg. Co. (McIntyre Bldg. Co.)*, 2011 Bankr. LEXIS 1384, 20–21 (Bankr. M.D. Ala. Apr. 14, 2011) ("[T]here is a great public policy in ensuring bankruptcy cases continue to an orderly, efficient resolution to maximize and preserve the estate's assets.").

As to the fourth prong, the Court does not believe that Mr. Perez has a substantial likelihood of success on the merits of his appeal.  This Court has twice addressed the arguments raised by Mr. Perez's requests for the appointment of an examiner (see Hr'g Trs. from Sept. 21, 2011 and Nov. 16, 2011), and is not persuaded that he has a substantial possibility of success on appeal.

## **CONCLUSION**

For the reasons stated above, Mr. Perez's request for a stay pending appeal is denied.

IT IS SO ORDERED.

Dated: New York, New York
      **March 26, 2012**

                                      */s/ Sean H. Lane*
                                      UNITED STATES BANKRUPTCY JUDGE